W. Wayne Drinkwater (MBN 6193)
Mason E. Lowe (MBN 102393)
BRADLEY ARANT BOULT CUMMINGS LLP
One Jackson Place
188 E. Capitol Street, Suite 400
Jackson, Mississippi 39201
Telephone: (601) 948-8000
Facsimile: (601) 948-3000

*Attorneys for Defendant ACA Financial Guaranty Corporation*

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

```
----------------------------------------------------------------  x
                                                                  :
JAMES E. DAVIS, INDIVIDUALLY AND ON                               :
BEHALF OF ALL OTHERS SIMILARLY                                    :
SITUATED,                                                         :
                            Plaintiff,                            :      Case No. 3:11CV093-M-A
                                                                  :
              vs.                                                 :
                                                                  :
ACA FINANCIAL GUARANTY CORPORATION,                               :
and JOHN DOES One through Ten,                                    :
                                                                  :
                    Defendants.                                   :
                                                                  :
                                                                  :
                                                                  :
                                                                  :
----------------------------------------------------------------  x
```

## DEFENDANT ACA FINANCIAL GUARANTY CORPORATION'S
## MEMORANDUM OF LAW IN PARTIAL OPPOSITION
## TO PLAINTIFF'S MOTION TO AMEND THE COMPLAINT

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ...................................................................................... ii

PRELIMINARY STATEMENT ................................................................................. 1

ARGUMENT

I.   PLAINTIFF'S MOTION TO AMEND TO "ADD MORE
     SPECIFIC ALLEGATIONS" SHOULD BE HELD IN
     ABEYANCE OR DENIED WITHOUT PREJUDICE PENDING
     THE COURT'S RULING ON ACA'S MOTION TO DISMISS .......................... 5

II.  PLAINTIFF'S MOTION TO AMEND SHOULD BE GRANTED ONLY TO
     THE EXTENT OF DISMISSING PLAINTIFF'S NEGLIGENCE CLAIM ......................... 8

CONCLUSION ........................................................................................................ 8

## <u>TABLE OF AUTHORITIES</u>

**CASES:**

*Avatar Exploration, Inc. v. Chevron, U.S.A., Inc.*,
    933 F.2d 314 (5th Cir. 1991) .............................................................................6

*Jones v. Robinson Prop. Group, L.P.*,
    427 F.3d 987 (5th Cir. 2005) .............................................................................6

*Stokes v. Dolgencorp, Inc.*,
    367 F. App'x 545 (5th Cir. 2010) ...................................................................6, 7

*Wimm v. Jack Eckerd Corp.*,
    3 F.3d 137 (5th Cir. 1993) .................................................................................5

Defendant ACA Financial Guaranty Corporation ("<u>ACA</u>") respectfully submits this Memorandum of Law in partial opposition to Plaintiff's second motion in the last month to amend his complaint. For the reasons set forth below, this Court should partially grant Plaintiff's motion to the extent he abandons the negligence claim asserted in Count V of his current Complaint, and either (a) hold the remainder of Plaintiff's motion to amend in abeyance pending the Court's resolution of ACA's motion to dismiss, or (b), deny Plaintiff's motion to amend without prejudice to re-plead those claims, if any, that survive the Court's ruling on ACA's pending motion to dismiss.

## <u>PRELIMINARY STATEMENT</u>

Plaintiff's original complaint contends that: (a) he acquired certain Toll Road Revenue Bonds (the "<u>Original Bonds</u>") issued by Connector 2000 Association, Inc. (the "<u>Issuer</u>"); (b) ACA issued "<u>Policies</u>" insuring the payment of the debt service on a subset of the Original Bonds (the "<u>Original Insured Bonds</u>"); (c) the Issuer failed to make the July 1, 2011 payment purportedly due on the Original Insured Bonds; and (d) ACA purportedly breached its Policies by failing to pay said amount to Plaintiff.

On August 19, 2011, ACA moved to dismiss Plaintiff's complaint in its entirety. (Dk. Nos. 6-7)[1] With respect to Plaintiff's breach of contract claim, ACA argued that it is barred by the clear and unequivocal language of the Policies, which are expressly limited to insuring the payments due **only** under the Original Insured Bonds, evidenced by unique CUSIP numbers. As Plaintiff is well aware, **the Original Insured Bonds no longer exist as they have been <u>cancelled</u> and <u>mandatorily</u> <u>exchanged</u> for entirely new and different bonds with different maturity dates, different payment terms and evidenced by different CUSIP numbers (the "<u>Replacement</u>**

---

[1] Citations to "Dk." refer to the docket in this action. To avoid burdening the Court, ACA has not resubmitted documents previously filed with the Court. ACA, of course, will supply additional copies of any such documents at the Court's request.

1

__Bonds"__) as part of the Issuer's bankruptcy proceeding and ***pursuant to a plan approved by, among others, the "Trustee" for owners/holders of the Original Bonds, including the Original Insured Bonds***.  Since the Original Insured Bonds no longer exist, there is no payment due thereunder, and thus no claim can be made against ACA under the Policies for non-payment of the debt service on such cancelled and non-existent bonds.

In addition, well-settled principles of New York guaranty law provide a separate and independent basis for relieving ACA of any further obligations under the Policies.  Under New York law, which governs the Policies, a guarantor is relieved of liability under a guarantee where, without its consent, there is ***any*** alteration (a) of the underlying insured obligation (*e.g.*, via a superseding agreement or a release by the creditor of the debtor), or (b) of the rights of the guarantor.  Here, the cancellation and mandatory exchange of the Original Insured Bonds for the Replacement Bonds having different maturity dates and payment terms, coupled with the express release of the Issuer's liability under the Original Insured Bonds – all without ACA's consent – indisputably constitutes an alteration of the Original Insured Bonds, thereby relieving ACA of any further liability under the Policies.  Moreover, the cancellation of the Original Insured Bonds and their mandatory exchange for the Replacement Bonds has irreparably impaired ACA's subrogation rights, *i.e.*, its ability to receive an assignment of the owners/holders rights under the Original Insured Bonds, including, critically, the right to pursue the Issuer for any and all amounts ACA is otherwise obligated to pay under the Policies.

To have preserved his rights under the Policies, Plaintiff simply had to take the necessary steps to prevent the cancellation of the Original Insured Bonds or to assign to ACA the right to take such action.  Plaintiff's authorized representative (*i.e.*, the Trustee) did just the opposite.

- When the Issuer commenced its Bankruptcy Action, which accelerated the sums due under the Original Insured Bonds, ***no one (a) sent a Nonpayment Notice to ACA for***

2

> ***said liquidated amount, (b) took any other steps to assign their rights in respect to said liquidated sum to ACA or (c) ever offered ACA the right to control all claims concerning the Original Insured Bonds in the Bankruptcy Action. Instead, the Trustee undertook to represent the interests of all holders of the Original Insured Bonds in the Bankruptcy Action, including Plaintiff, to the exclusion of ACA.***

- When the Issuer proposed a Plan to cancel and mandatorily exchange the Original Insured Bonds with the Replacement Bonds (which had different payment terms and CUSIP numbers), ***the Trustee – not ACA – voted in favor of the Issuer's Plan without taking any steps to: (a) protect ACA's valuable subrogation rights under the Policies; (b) seek a declaration that ACA would be liable to make payments allegedly due under (i) the Original Insured Bonds that were scheduled to be cancelled or (ii) the Replacement Bonds; or (c) assert any objection to the Issuer's Plan on the grounds that it did not preserve Plaintiff's right to recover from ACA under the Policies despite the cancellation of the Original Insured Bonds.***

In short, Plaintiff's own agent, the Trustee, voluntarily took affirmative steps in the Issuer's Bankruptcy Action that facilitated the cancellation of the Original Insured Bonds and effectively nullified ACA's valuable subrogation rights under the Policies to pursue the Issuer for any and all sums the Issuer fails to pay on the Original Insured Bonds.

ACA also moved to dismiss Plaintiff's remaining claims for breach of the implied covenant of good faith and fair dealing, negligence and gross negligence. The law is clear that a party cannot transform an alleged breach of an express contractual obligation into either a tort or quasi-contractual claim. Similarly, Plaintiff's claim for anticipatory repudiation fails because: (a) a unilateral contract to pay a sum certain, like the Policy, is not subject to being repudiated; and (b) a repudiation requires a complete abrogation by a party to comply with a contract's terms and ACA's position is that its good faith interpretation of the Policy does not require any payment by ACA due to the cancellation of the Original Insured Bonds.

On September 20, 2011, Plaintiff opposed ACA's motion to dismiss, relying on two key contentions – one that is patently untrue and a second that is legally irrelevant. (Dk. Nos. 11-12) First, Plaintiff falsely claimed that ACA was his agent in the Bankruptcy Action and that ACA had an express duty under §§ 4.03(b)(iii) and 4.07 of the Custody Agreement to take whatever

steps were necessary in that action to ensure Plaintiff's continuing right to sue ACA for the full amount of the Original Insured Bonds irrespective of their cancellation. In its October 11, 2011 reply papers (Dk. No. 14), ACA submitted irrefutable proof that Plaintiff was represented by the Trustee – not ACA – in the Bankruptcy Action (*see, e.g.*, *id.* at 6-7), and, in any event, Plaintiff never complied with the contractual pre-requisites to the appointment of ACA as his agent.

Second, Plaintiff claimed that ACA's motion to dismiss should be denied because Plaintiff's Policy – as opposed to the underlying Original Insured Bond – was not cancelled and exchanged for any Replacement Bonds. ACA's reply papers noted that while this allegation was true, it was utterly irrelevant. ACA's payment obligations under the Policies are tied exclusively to amounts owed by the Issuer under the Original Insured Bonds, and it is the cancellation of those bonds – not ACA's Policies, represented by certificates of insurance denominated by enhanced CUSIP numbers – which precludes any further claim by Plaintiff.

ACA's motion to dismiss was fully brief on October 11, 2011, with all parties receiving a full and fair opportunity to brief the issues raised therein.

On November 21, 2011, Plaintiff filed his second motion to amend in the span of one month (the first having been withdrawn on the grounds that it was allegedly filed in error (Dk. Nos. 16-17)). The sole basis for Plaintiff's second motion to amend is (a) to add another plaintiff and class representative, and (b) to add "more specific allegations and claims arising out of the same operative facts which support the allegations and claims already asserted." (*See* Dk. No. 18, ¶1.)

**Glaringly absent from Plaintiff's second motion to amend is any mention of ACA's pending motion to dismiss; that such motion has been fully briefed and has been *sub judice* for nearly two months now; that the "more specific allegations" in the proposed amended**

**complaint simply assert, in pleading form, the arguments previously raised by Plaintiff in his opposition to ACA's motion to dismiss; or that ACA's reply papers fully responded to these "more specific allegations" and demonstrate that they provide no basis to support Plaintiff's deficient breach of contract claim and related tort and quasi-contract claims.**

The only conceivable purpose for Plaintiff's instant motion to amend is to: (a) provide Plaintiff with an opportunity to use the reply on this motion to amend as an improper sur-reply on ACA's pending motion to dismiss; and/or (b) unnecessarily delay the Court's resolution of ACA's motion to dismiss by forcing ACA to spend additional resources to re-brief that motion in response to an amended complaint that does not even purport to address the deficiencies addressed in ACA's motion to dismiss.

No legitimate purpose can be served by granting Plaintiff's proposed motion to amend at this juncture (other than to allow Plaintiff to abandon his meritless negligence claim, which has been dropped from Plaintiff's proposed amended complaint). The prudent and fair course of action is to hold Plaintiff's motion to amend in abeyance, or alternatively to dismiss it without prejudice, until the Court rules on ACA's pending motion to dismiss. This will allow Plaintiff to conform his pleading to the Court's ruling and avoid the potential need for Plaintiff to file yet a third motion to amend after the Court eventually rules on ACA's motion to dismiss.

Indeed, ACA made this very proposal to Plaintiff prior to filing his opposition to Plaintiff's instant motion to amend. Plaintiff, however, refused to hold his motion to amend in abeyance unless ACA also agreed to forego the right to file a second motion to dismiss before answering, in whole or in part, any amended complaint filed by Plaintiff. Thus, if the Court granted ACA's motion to dismiss in its entirety and Plaintiff was granted leave to file an amended complaint with new factual allegations and counts, ACA would have to answer that

5

amended complaint before filing any motion to dismiss – *even if the claims in such amended complaint were also deficient as a matter of law*.  By agreeing to such a proposal, ACA would be forced to incur significant and wholly unnecessary expenses in discovery and class certification proceedings, all of which could be avoided through a pre-answer motion to dismiss.  Accordingly, ACA refused to agree to Plaintiff's proposal, and respectfully requests that this Court hold Plaintiff's motion to amend in abeyance until the Court decides ACA's pending motion to dismiss.

**ARGUMENT**

I.    **PLAINTIFF'S MOTION TO AMEND TO "ADD MORE SPECIFIC ALLEGATIONS" SHOULD BE HELD IN ABEYANCE OR DENIED WITHOUT PREJUDICE PENDING THE COURT'S RULING ON ACA'S MOTION TO DISMISS**

While leave to amend is liberally granted, it "is by no means automatic." *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993) (affirming denial of motion to amend where the lower court found, *inter alia*, that the motion to amend was filed in bad faith in an effort to avoid the court ruling on plaintiff's pending summary judgment motion).  In determining whether to grant a motion for leave to amend, courts in this circuit consider several factors, including undue delay, bad faith or dilatory motive, and where the proposed amendment would be futile.  *See Jones v. Robinson Prop. Group, L.P.*, 427 F.3d 987, 994 (5th Cir. 2005); *Avatar Exploration, Inc. v. Chevron, U.S.A., Inc.*, 933 F.2d 314, 320-21 (5th Cir. 1991).  When confronted with a pending motion to dismiss followed by a motion to amend, it is appropriate for the Court to address the dispositive motion *before* addressing the subsequently filed motion to amend.  *See, e.g.*, *Stokes v. Dolgencorp, Inc.*, 367 F. App'x 545, 549 (5th Cir. 2010) (finding no abuse of discretion where the court granted motion to dismiss before first ruling on plaintiff's motion to amend).

6

Here, Plaintiff seeks leave to amend his complaint to do no more than add "more specific allegations," supporting the same "allegations and claims already asserted" in Plaintiff's existing complaint. These allegedly "more specific allegations" merely ape the allegations Plaintiff asserted in his papers opposing ACA's motion to dismiss. (*Compare* Dk. No 18, Ex. A *with* Dk. Nos. 11-12.) ACA did not ignore these "more specific allegations" and the arguments Plaintiff used them to support. Rather, ACA directly responded to these "more specific allegations" and demonstrated beyond peradventure that such allegations are woefully insufficient to cobble together a valid claim that ACA breached the Policies. (*See* Dk. No. 14.) The simple fact is that the Trustee, Plaintiff's representative in the Issuer's Bankruptcy Action, voluntarily took affirmative steps that facilitated the cancellation of the Original Insured Bonds and nullified ACA's valuable subrogation rights under the Policies. Thus, under the plain language of the Policies and by operation of law, Plaintiff's claims fail as a matter of law and no amount of "more specific allegations" by Plaintiff will change this fact.[2]

While ACA refers the Court to the papers it filed in support of its motion to dismiss (Dk. Nos. 6-7 and 14) to demonstrate the futility of Plaintiff's motion to amend, ACA certainly does not expect the Court to decide the issues raised in its motion to dismiss in the context of Plaintiff's motion to amend. Indeed, there is no reason to do so. Instead, ACA respectfully contends that the most efficient way to proceed is for the Court to simply hold Plaintiff's motion to amend in abeyance pending its ruling on ACA's motion to dismiss, or alternatively to dismiss Plaintiff's motion without prejudice. *See, e.g.*, *Stokes*, 367 F. App'x at 549. By doing so, to the

---

[2] Plaintiff's proposed amended complaint also seeks to add a new claim for breach of fiduciary duty. (*See* Dk. No. 18, Ex. A at Count V.) While Plaintiff did not assert a breach of fiduciary claim in his original complaint, the basis for this claim was asserted in Plaintiff's opposition to ACA's motion to dismiss. (Dk. 12 at pp. 22-24) For the reasons set forth at pages 6-8 of ACA's reply papers on its motion to dismiss (Dk. No. 14 at pp. 6-8), such claim fails as a matter of law and provides no basis for granting Plaintiff's motion to amend, particularly prior to the Court's ruling on ACA's motion to dismiss.

extent any amended pleading is necessary, Plaintiff may conform his pleading to the Court's decision on ACA's motion to dismiss.

Proceeding in this manner would also result in significant cost savings to the Court and the parties. If Plaintiff is allowed to amend his complaint prior to a decision on ACA's pending motion to dismiss, ACA would file a revised version of its motion to dismiss, that would, in substance, look very similar – if not identical in most aspects – to the motion that is already *sub judice*. This would then require both ACA and Plaintiff to incur the not insubstantial but completely unnecessary cost of re-briefing ACA's pending motion to dismiss, and delay resolution of that motion for months. Moreover, the Court's ruling on that revised motion to dismiss may very well necessitate yet a third motion to amend by Plaintiff to conform his complaint to the Court's ruling.

For the foregoing reasons, Plaintiff's motion to amend should be held in abeyance or dismissed without prejudice pending the Court's ruling on ACA's motion to dismiss.

## II. PLAINTIFF'S MOTION TO AMEND SHOULD BE GRANTED ONLY TO THE EXTENT OF DISMISSING PLAINTIFF'S NEGLIGENCE CLAIM

Plaintiff's proposed amended complaint abandons his negligence claim asserted in Count V of his current complaint. ACA does not object to Plaintiff's voluntary dismissal of that claim, and requests that the Court enter an order confirming its dismissal.

## CONCLUSION

For the aforementioned reasons, ACA respectfully requests that the Court enter an order: (a) partially granting Plaintiff's motion to amend to allow Plaintiff to abandon Count V of his current complaint; (b) holding the remainder of Plaintiff's motion in abeyance or, alternatively, dismissing it without prejudice, pending the Court's resolution of ACA's motion to dismiss; and (c) granting ACA such other and further relief as this Court deems just and proper.

Dated: Jackson, Mississippi
December 9, 2011

BRADLEY ARANT BOULT CUMMINGS LLP

By:   /s/ Mason E. Lowe
  W. Wayne Drinkwater (MBN 6193)
  Mason E. Lowe (MBN 102393)

One Jackson Place
188 E. Capitol Street, Suite 400
Jackson, Mississippi 39201
Telephone:  (601) 948-8000
Facsimile:  (601) 948-3000

*Attorneys for Defendant ACA*
*Financial Guaranty Corporation*

9

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 9, 2011, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system which will send notification of such filing to the

following:

> Jesse Mitchell, III Esq.
> William M. Quin, II, Esq.
> O. Stephen Montagnet, III, Esq.
> MCCRANEY MONTAGNET & QUIN, PLLC
> 602 Steed Road, Suite 200
> Ridgeland, Mississippi 39157
> **Attorney for Plaintiff**

This the 9th day of December, 2011.

/s/ Mason E. Lowe
MASON E. LOWE