Last Updated: 11/1/2011
FORM 1 (ND/SD MISS. JUL. 2011)

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF MISSISSIPPI
## WESTERN DIVISION

JAMES E. DAVIS, ET AL     **PLAINTIFF**

v.     CIVIL ACTION NO. **3:11CV039-M-A**

ACA FINANCIAL GUARANTY CORPORATION, ET AL     **DEFENDANT**

## CASE MANAGEMENT ORDER

This Order, including all deadlines, has been established with the participation of all parties and can be modified only by order of the Court on a showing of good cause supported with affidavits, other evidentiary materials, or reference to portions of the record.

**IT IS HEREBY ORDERED:**

1. **ESTIMATED DAYS OF TRIAL:**    10 DAYS

    **ESTIMATED TOTAL NUMBER OF WITNESSES:**    8-12

    **EXPERT TESTIMONY EXPECTED:** Yes    **NO. OF EXPERTS:**    4-6

    The parties may call expert witnesses to testify in the fields of securities, insurance/guaranty obligations and damages/economics.

2. **ALTERNATIVE DISPUTE RESOLUTION [ADR].**

    At the time this Case Management Order is offered it does not appear that alternative dispute resolution techniques will be used in this civil action.

    Rulings on pending motions to dismiss and for class certification may affect the likelihood of settlement discussions.

3. **CONSENT TO TRIAL BY UNITED STATES MAGISTRATE JUDGE.**

    The parties do not consent to trial by a United States Magistrate Judge.

4. **DISCLOSURE.**

   The following additional disclosure is needed and is hereby ordered:

   The parties will comply with Local Rule 16(d) and exchange initial disclosures by June 18, 2012.

5. **MOTIONS; ISSUE BIFURCATION.**

   Staged resolution, or bifurcation of the issues for trial in accordance with FED. R. CIV. P. 42(b) will assist in the prompt resolution of this action. Accordingly, the Court orders that:

   If the claim for punitive damages remains viable at trial, it will be bifurcated.

   Early filing of the following motion(s) might significantly affect the scope of discovery or otherwise expedite the resolution of this action:

   12(b)(6) motion and motion for class certification are pending.

6. **DISCOVERY PROVISIONS AND LIMITATIONS.**

   A. Interrogatories are limited to __30__ succinct questions.

   B. Requests for Production and Requests for Admissions are limited to __30__ succinct questions.

   C. Depositions are limited to the parties, experts, and no more than __10__ fact witness depositions per party without additional approval of the Court.

**D.** The parties have complied with the requirements of Local Rule 26(e)(2)(B) regarding discovery of electronically stored information and have concluded as follows [The parties MUST state whether or not there is ESI and, if so, how they propose to address it]:

The parties anticipate that there is ESI. The parties have agreed to comply with Local Rule 26 (e)(2)(B) and will retain all ESI that may be discoverable in this case and will produce ESI in its original format or a format that is easily accessible as agreed to by the parties.

Counsel have instructed or will immediately instruct their clients regarding their obligation to preserve any potentially discoverable information which may be stored in electronic form, and confirm that they have instructed or will immediately instruct their respective clients not to delete any ESI related to this matter, including but not limited to e-mails (both those stored on a party's hard drive or through an online internet service such as "gmail" or "yahoo"), electronic texts, social networking sites, word processing documents and spreadsheet documents, etc.

**E.** The court imposes the following further discovery provisions or limitations:

☐ 1. Defendant may have a Fed. R. Civ. P. 35 (L.U.Civ.R. 35) medical examination of the plaintiff (within subpoena range of the court) by a physician who has not examined the plaintiff. The examination must be completed in time to comply with expert designation deadlines.

☐ 2. Pursuant to Rule 502(d) of the Federal Rules of Evidence, the attorney-client privilege and the work-product protections are not waived by any disclosure connected within this litigation pending before this Court. Further, the disclosures are not waived in any other federal or state proceeding.

☐ 3. Plaintiff must execute a waiver of the medical privilege.

☑ 4. Other:

Counsel will attend a status conference with the court at 11:00 a.m. on Friday, November 9, 2012 in chambers of the undersigned.

7. **SCHEDULING DEADLINES**

   A. **Trial.** This action is set for  JURY TRIAL

   beginning on: February 3, 2014 , at 9:40 , a.m. , in Oxford ,

   Mississippi, before United States District Judge Michael P. Mills . THE

   ESTIMATED NUMBER OF DAYS FOR TRIAL IS  10 days . ANY CONFLICTS WITH

   THIS TRIAL DATE MUST BE SUBMITTED IN WRITING TO THE TRIAL JUDGE

   IMMEDIATELY UPON RECIEPT OF THIS CASE MANAGEMENT ORDER.

   B. **Pretrial.** The pretrial conference is set on: December 9, 2013 , at 9:00 , a.m. ,

   in Oxford , Mississippi, before United States Magistrate

   Judge S. Allan Alexander .

   C. **Discovery.** All discovery must be completed by: September 19, 2013 .

   D. **Amendments.** Motions for joinder of parties or amendments to the pleadings must be

   filed by: August 1, 2012 .

   E. **Experts.** The parties' experts must be designated by the following dates:

   **1.** Plaintiff(s): April 19, 2013 .

   **2.** Defendant(s): May 20, 2013 .

FORM 1 (ND/SD MISS. JUL. 2011)

8. **MOTIONS.** All dispositive motions and *Daubert*-type motions challenging another party's expert must be filed by: October 3, 2013 .The deadline for motions *in limine* is fourteen days before the pretrial conference; the deadline for responses is seven days before the pretrial conference.

9. **SETTLEMENT CONFERENCE.**

   If the parties desire judicial assistance to settle the case after initial discovery, they will contact the Court to request a date for a settlement conference when they have obtained the discovery necessary to make the conference effective.

10. **REPORT REGARDING ADR.** On or before (7 days before FPTC) December 2, 2013 , the parties must report to the undersigned all ADR efforts they have undertaken to comply with the Local Rules or provide sufficient facts to support a finding of just cause for failure to comply. *See L.U.Civ.R.83.7(f)(3)*.

**SO ORDERED:**

June 25, 2012          /s/ S. Allan Alexander
DATE                   UNITED STATES MAGISTRATE JUDGE