UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JAMES E. DAVIS, INDIVIDUALLY AND                                                   PLAINTIFFS
ON BEHALF OF ALL OTHERS SIMILARLY
SITUATED

VS.                                                                  CAUSE NO. 3:11-CV-093-MPM-SAA

ACA FINANCIAL GUARANTY
CORPORATION, and
JOHN DOES One through Ten                                                        DEFENDANTS

## ORDER

This cause comes before the court on its own motion, requesting additional briefing from the parties regarding the status of this case in light of the New York Supreme Court's July 23, 2012 decision in *Oppenheimer v. ACA Financial Guaranty Corp.*, No. 653290/11 (N.Y. Sup. Ct. N.Y. Co).[1] In its ruling in *Oppenheimer*, the New York court granted the plaintiff's motion for summary judgment (and denied ACA's motion) in a case which appears to be very similar to this one. This court was informed of this ruling in a letter from counsel for defendant, and it appreciates counsel's candor in so informing it, even though the decision is clearly adverse to his client. In his letter, counsel appears to recognize that *Oppenheimer* may have a significant impact upon this case, and he suggests that this court may be well served by additional briefing from the parties in light of the decision. The court agrees that additional briefing would be helpful, both as to *Oppenheimer*'s impact upon the substantive merits of this case and also upon plaintiffs' attempts to have a class action certified herein.

---

[1] Its name notwithstanding, the New York Supreme Court serves a trial court in that state, and counsel for defendant indicates that it may appeal the decision in *Oppenheimer*.

After reviewing the New York court's decision in *Oppenheimer*, this court's impression is that it places plaintiffs in a very strong position as it relates to their individual claims in this case. At the same time, the fact that courts in other jurisdictions are, at this moment, developing authority regarding the legal issues in this case raises questions in this court's mind as to whether it should pre-empt the development of that authority by certifying a class action at this time. This case, and ones like it, clearly present important issues for a potentially large number of municipal bond investors throughout the United States. It is therefore important that this court, and other courts faced with similar lawsuits, utilize the best available procedural devices to resolve them. One such potential procedural device is the class action lawsuit, and it is the one which the plaintiffs in this case would prefer. There are clearly other options, however, and it appears to this court that some of those other options may be preferable.

It strikes this court that the issues in this case are, at their essence, unresolved issues of law. Both sides have presented this court with legal arguments regarding whether the issuance of new bonds in a Chapter 9 bankruptcy proceedings should relieve defendant of its duties as municipal bond insurer, but, until the *Oppenheimer* decision, they have presented this court with little actual authority on point. It therefore seems likely that this is an issue about which courts will have to develop new jurisprudence, and the *Oppenheimer* decision is still subject to appeal. In the court's view, having multiple courts issue rulings of law in this context is preferable to having a single court essentially appoint itself as the sole legal arbiter of these unresolved issues for all potential plaintiffs nationwide. When different courts are able to independently analyze a

particular legal issue, they are frequently able to form a consensus which carries much greater weight than the views of a single court.

Moreover, if a single court is to decide the unresolved legal issues in this case, then that court would preferably be one with expertise in the areas of law at issue. The parties' briefing makes it clear that the issues in this case will turn upon an interpretation of not only federal bankruptcy law (regarding which this court has very little expertise), but a particularly unusual form of bankruptcy law: Chapter 9 municipal bankruptcy law. In addition, defendant's motion to dismiss is also based upon New York state law, regarding which this court obviously has no expertise, and which is still being clarified in *Oppenheimer*. Based upon the briefing before it, this court is not presently comfortable in expressing anything more than its tentative inclination regarding the proper legal resolution of this particularly case, for these particular litigants. That inclination is to follow the lead of the New York court regarding the issues in this case, since they turn largely upon an interpretation of the law of that state. At the same time, the court doubts that it will ever regard itself as being the proper court to issue a ruling on the unresolved issues in this case for all similarly situated plaintiffs nationwide.

This is merely the court's inclination at this time, however, and it will grant the parties an opportunity to submit new motions in this case which address the issues and concerns raised by the court in this order. The court also directs that the parties submit revised settlement memoranda to the Magistrate Judge, in light of the *Oppenheimer* decision. Defendant appears to recognize that *Oppenheimer* represents a sea change in this case, and the court strongly suggests that it re-evaluate its position in light of this decision. Given that the briefing presently filed in

this case is incomplete, the court will dismiss the motions previously filed without prejudice and grant the parties an opportunity to submit revised motions in light of *Oppenheimer*.

In light of the foregoing, the court hereby dismisses the pending motions to dismiss and certify [23-1, 37-1, 39-1] in this case without prejudice to re-filing. The parties may, within a time period set by the Magistrate Judge, submit new motions and accompanying briefing in light of *Oppenheimer* and in light of the concerns raised by the court in this order.

SO ORDERED, this the 10th day of August, 2012.

_____

**/s/ MICHAEL P. MILLS**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**

4