**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

**JAMES E. DAVIS,** *et al., individually and*
*on behalf of all others similarly situated*                       **PLAINTIFF**

V.                                         **CIVIL ACTION NO.-3:11cv93-M-A**

**ACA FINANCIAL GUARANTY CORP.**                            **DEFENDANT**

**ORDER**

In light of Chief Judge Mills's Order of August 10, 2012, the undersigned conducted an in-person status conference with counsel for the parties to this action. Judge Mills dismissed the parties' pending motions without prejudice to their re-filing updated motions and supporting memoranda to address the issues presented after decision by the New York Supreme Court of *Oppenheimer v. ACA Financial Guaranty Corp.*, No. 653290/11 (N.Y. Sup. Ct. N.Y. Co).

The parties have made pre-discovery disclosures, and the court entered a Scheduling Order in this action on June 25, 2012. At the time of entry of that Order, the parties anticipated a ruling on the motions by the end of September and agreed to stay all discovery until that ruling. The motions will now be re-filed, but the undersigned sees no reason discovery should not proceed and the case remain on the same schedule set in the June 25 Order.

However, the parties are directed to focus initial discovery on issues related to the propriety of class certification in this action, particularly in light of the concerns which Judge Mills raised about that question in his August 10 Order. The parties must re-file their updated motions by **December 3, 2012.**

In the interim, counsel are directed to investigate the viability of settlement possibilities. Counsel for plaintiff will make a good faith written settlement demand upon defendant by

**November 15, 2012**, setting out proposed settlement parameters and the justifications/calculations which underlie the demand made. Defendant's counsel will respond in good faith to the demand by **December 15, 2012**, also setting out justifications/calculations which underlie the response.

The parties will still participate in a status conference with the undersigned on **November 9, 2012**, as previously scheduled, but the conference will be conducted telephonically instead of in person.

The defendant need not file an answer to the Amended Complaint until Judge Mills has ruled on the contemplated updated Motion to Dismiss.

If plaintiffs' counsel has concerns about the running of the statute of limitations against any putative class member in the interim, he will present that issue to Judge Mills for resolution.

Finally, by **January 5, 2013**, counsel will report to the undersigned via joint letter on the course of and progress in settlement negotiations. If any party believes that further status or settlement conferences would be of benefit, they may call the chambers of the undersigned for a setting.

SO ORDERED, this, the 17th day of September, 2012.

/s/ S. Allan Alexander
UNITED STATES MAGISTRATE JUDGE