# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**JAMES E. DAVIS,** *et al., individually and*     **PLAINTIFF**
*on behalf of all others similarly situated*

**V.**     **CIVIL ACTION NO. 3:11-CV-093-M-A**

**ACA FINANCIAL GUARANTY**     **DEFENDANTS**
**CORPORATION, and**
**JOHN DOES One through Ten**

### DEFENDANT ACA FINANCIAL GUARANTY CORPORATION'S UNOPPOSED MOTION FOR EXTENSION OF TIME

Defendant ACA Financial Guaranty Corporation ("ACA"), through counsel, moves the Court to extend its time to respond to Plaintiffs' *First* Set of Interrogatories, Requests for Production of Documents and Requests for Admissions. In support, ACA states the following:

1. The parties participated in a status conference on September 17, 2012. [Doc. 62]. In its September 17, 2012 Order, the Court permitted the parties to proceed with discovery, but directed the parties "to focus initial discovery on issues related to the proprietary of class certification." [Doc. 63].

2. Subsequently, on September 25, 2012, Plaintiffs propounded their *First* Set of Interrogatories, Requests for Production of Documents, and Requests for Admission. [Doc. 65].

3. The propounded discovery is not limited to issues related to the propriety of class certification. Instead, the discovery requests a vast amount of information. The requests have caused enormous problems for ACA in searching various databases for documents that may be relevant to the discovery requests. Virtually all of ACA's records are stored electronically, in massive databases that require computer-based searches. The amount of material to be searched

1

is so huge that even running appropriate computer searches and performing related indexing may take days for any given database, and several databases must be searched.

4. Counsel for ACA has been advised that approximately nine terabytes of electronically stored data must be searched for relevance. Each terabyte is the equivalent of approximately 10 million pages of paper.

5. In order to properly search its databases, ACA must index all of the data prior to running each search. Some of the indexes can take multiple days to be properly created.

6. Only after searches are completed, and potentially relevant documents identified, can a document-by-document review begin to determine whether documents identified in the computer search are actually responsive to the discovery requests and whether they are privileged.

7. Thus far, approximately 23,000 documents have been identified as potentially relevant by computer searches. Each document must be separately reviewed. ACA's review of its documents continues, and ACA anticipates that between 70,000 and 100,000 more documents may be disclosed by ongoing computer searches. ACA currently estimates that it will incur costs of approximately $23,000 from a vendor necessarily retained to assist in indexing and review of the electronically stored data.

8. Counsel for ACA anticipates it will take a significant amount of time and resources to review these documents and respond to Plaintiffs' written discovery requests, requiring a request for an extension of time until November 24, 2012.

9. Due to the voluminous nature of the requests, ACA requested, and Plaintiffs have consented to prioritizing ACA's responses to Plaintiffs' discovery requests to focus initial discovery on issues relating to class certification. ACA and Plaintiffs have further agreed that

2

4/337976.4

ACA may have until November 24, 2012 within which to respond to the remaining discovery requests. Accordingly, and to effectuate the agreement reached between counsel, ACA moves to answer the following discovery requests by November 24, 2012: Requests for Production of Documents 1, 2, 4, 5, 6, and 7 and *First* Set of Interrogatories 1, 2, 3, 4, 5, 7, 10, 11, 12, 13, 14, and 15.

10. The relief requested herein will not prejudice either party and is made in good faith and not for the purpose of delay or harassment. Counsel for ACA has consulted with Counsel for Plaintiffs, and Plaintiffs do not oppose the requested extension.

11. Because this motion is both self-explanatory and unopposed, ACA requests that the Court waive the requirement of filing a supporting memorandum.

WHEREFORE, ACA Financial Guaranty Corp. moves the Court to extend the deadlines in this matter as set forth herein.

RESPECTFULLY SUBMITTED this the 18th day of October, 2012.

/s/ Erin Saltaformaggio
W. WAYNE DRINKWATER [MSB #6193]
ERIN SALTAFORMAGGIO [MSB #103999]
*Counsel for Defendant IBM Lender*
*Business Process Services, Inc.*

**OF COUNSEL:**
Bradley Arant Boult Cummings LLP
One Jackson Place, Suite 400
188 East Capitol Street
Post Office Box 1789
Jackson, MS 39215-1789
Telephone: (601) 948-8000
Facsimile: (601) 948-3000
esaltaformaggio@babc.com

4/337976.4

## **CERTIFICATE OF SERVICE**

      I hereby certify that on October 18, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will deliver copies to all counsel of record.

                                          /s/ Erin Saltaformaggio
                                          ERIN SALTAFORMAGGIO