**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

| | |
|---|---|
| JAMES E. DAVIS AND FRANCOIS KOHLMANN, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED | **PLAINTIFF** |
| **VERSUS** | **CIVIL ACTION NO: 3:11CV-093-MPM-SAA** |
| ACA FIANCIAL GUARANTY CORPORATION AND JOHN DOES One through Ten | **DEFENDANTS** |

**DEFENDANT ACA FINANCIAL GUARANTY CORPORATION'S
MOTION TO STAY PROCEEDINGS**

Defendant ACA Financial Guaranty Corporation ("ACA") moves this Court to stay all proceedings in this action until such time as a final determination has been made in *Oppenheimer AMT-Free Municipals, et al. v. ACA Financial Guaranty Corp.*, N.Y. Sup. Ct. Index No. 653290/11 ("*Oppenheimer*"). In support of this motion, ACA states the following:

1. Plaintiffs brought this action on behalf of themselves and all other owners or holders of the Original Insured Bonds covered by the Policies issued by ACA. Plaintiffs seek a determination of ACA's payment obligations, if any, under the Policies. (Doc. 22 at ¶¶ 149-150). Plaintiffs allege ACA is liable to Plaintiffs and the purported class because of the alleged breach of its obligations under the Policy. (Doc. 22 at ¶¶ 115-120). Plaintiffs also allege that ACA anticipatorily repudiated its obligations under the Policy (Doc. 22 at ¶¶ 121-126), and assert tort claims against ACA arising from ACA's determination that it has no obligations under the Policies. (Doc. 22 at ¶¶ 137-148).

2. Similarly, Oppenheimer, which allegedly holds 80% of the bonds insured by ACA, initiated a declaratory judgment action against ACA in New York State Supreme Court

1

seeking a declaratory judgment to determine ACA's payment obligations under its Policies.[1] Oppenheimer's New York action raises issues concerning ACA's payment obligations under its Policies that are similar to the issues raised by Plaintiffs herein. Oppenheimer holds $37.18 million of the total approximately $44 million in Original Insured Bonds covered by ACA's Policies, while Plaintiffs hold approximately $3 million of those bonds.

3. The undersigned advised the Court in an August 9, 2012, letter that the New York court in *Oppenheimer* granted Oppenheimer's cross-motion for summary judgment and denied ACA's motion for summary judgment.

4. In light of the *Oppenheimer* decision, this Court dismissed, without prejudice, ACA's motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and to stay all class certification proceedings, as well as Plaintiffs' motion to certify. (Doc. 58). This Court ordered additional briefing by the parties to discuss *Oppenheimer's* impact on both the "substantive merits of this case and also upon plaintiffs' attempts to have a class action certified." (*Id*). Pursuant to Magistrate Judge Alexander's September 17, 2012 Order, ACA must file its Motion to Dismiss by December 3, 2012. (Doc. 63).

5. The trial court's decision in *Oppenheimer* has been appealed to the New York Appellate Division, First Department. ACA perfected its appeal by filing, on November 6, 2012, its Brief for Appellant and Record on Appeal. The appeal has been noticed for argument at the January 2013 term of the New York Appellate Division, First Department.

6. On November 14, 2012, Magistrate Judge Alexander heard ACA's *ore tenus* motion to stay discovery responses pending this Court's ruling on this anticipated Motion to

---

[1] The New York Supreme Court serves as the trial court with statewide jurisdiction in New York.

Stay, and the Magistrate Judge entered an Order giving the parties an extension on most responses to January 3, 2013 (Doc. 72).

7. ACA respectfully requests a stay of the proceedings pending the determination of the appeal in *Oppenheimer* in an effort to provide the Court with an opportunity to evaluate the current state of New York law after it has been clarified by the New York Appellate Division in *Oppenheimer*.

8. Additionally, a stay is proper due to the enormous amount of expenses anticipated to be incurred by ACA, as reflected by the huge cost already incurred to begin responding to Plaintiffs' discovery requests. Due to the magnitude of this effort and the possibility that the *Oppenheimer* decision will eliminate the need for this effort, ACA requests judicial relief from (1) the current production deadlines and (2) any additional discovery responses pending the determination of the *Oppenheimer* appeal.

8. In support of its Motion, ACA relies on, and incorporates by reference, the following:

  **Exhibit A**  **Oppenheimer Complaint**

  **Exhibit B**  **ACA's Appellate Brief**

  **Exhibit C**  **Notice of Issue**

WHEREFORE, ACA moves this Court to stay all proceedings in this action, including without limitation any discovery responses and the motions set to be filed by December 3, 2013, until such time as a final decision has been made in *Oppenheimer AMT-Free Municipals, et al. v. ACA Financial Guaranty Corp.*, and for such other and further relief as may be deemed appropriate.

  RESPECTFULLY SUBMITTED, this the 21st day of November, 2012.

/s/David W. Clark_____
David W. Clark (MBN 6112)
Erin Saltaformaggio (MBN 103999)

BRADLEY ARANT BOULT CUMMINGS LLP
One Jackson Place
188 E. Capitol Street, Suite 400
Jackson, Mississippi 39201
Telephone: (601) 948-8000
Facsimile: (601) 948-3000
esaltaformaggio@babc.com
Attorney for Defendant
ACA Financial Guaranty Corporation

## CERTIFICATE OF SERVICE

I hereby certify that on November 21, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will deliver copies to all counsel of record.

/s/David W. Clark_____
DAVID W. CLARK