**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**JAMES E. DAVIS AND FRANCOIS KOHLMANN,
INDIVIDUALLY AND ON BEHALF OF ALL
OTHERS SIMILARLY SITUATED**                          **PLAINTIFF**

**VERSUS**                                  **CIVIL ACTION NO: 3:11CV-093-MPM-SAA**

**ACA FIANCIAL GUARANTY CORPORATION
AND JOHN DOES One through Ten**                      **DEFENDANTS**

<u>**DEFENDANT ACA FINANCIAL GUARANTY CORPORATION'S
MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION TO STAY PROCEEDINGS**</u>

Defendant ACA Financial Guaranty Corporation ("ACA") respectfully submits this Memorandum of Law in support of its Motion to Stay Proceedings pending a final decision in *Oppenheimer AMT-Free Municipals, et al. v. ACA Financial Guaranty Corp.*, Index No. 653290/11 (N.Y. Sup. Ct. July 2012).[1]

<u>**Background**</u>

Plaintiffs commenced this action on July 15, 2011, and filed their First Amended Complaint ("Complaint") on January 10, 2012. This action is brought by Plaintiffs as holders and beneficiaries of a Secondary Market Insurance Policy issued by ACA that insures the payment obligations of certain securities specifically identified in the Policy. Plaintiffs seek to bring this action on behalf of a class of all owners or holders of the Original Insured Bonds covered by the Policies issued by ACA. The Complaint asserts five causes of action and seeks a

---

[1]      Defendant ACA incorporates, for convenience, the defined terms and exhibits in its January 26, 2012, Motion to Dismiss and to Stay (e.g., "Original Insured Bonds" and "Policies"). (Docs. 23-24).

declaratory judgment, all relating solely to the rights and obligations of the parties set forth in the Policy. (Doc. 22 at ¶¶ 115-150).

Similarly, and as this Court is aware, on November 28, 2011,Oppenheimer, which allegedly holds 80% of the bonds insured by ACA, initiated a declaratory judgment action against ACA in New York State Supreme Court seeking a declaratory judgment to determine ACA's payment obligations under its Policies.[2] (Oppenheimer Complaint at ¶¶ 55-58 attached to Motion as **Exhibit A**). Like the Plaintiffs in this Court, the Oppenheimer Plaintiffs raise issues in their complaint concerning ACA's payment obligations under its Policies as a result of ACA's determination that the Policies did not provide coverage for the newly issued Bonds. Exactly like the Plaintiffs' claims in this Court, the Oppenheimer Plaintiffs' litigation requires the determination of ACA's rights and payment obligations under its Policies and whether ACA has breached those obligations. ACA's policies call for the application of New York law.

On July 23, 2012 the New York court issued an opinion on cross-motions for summary judgment in that case granting the policyholder's, Oppenheimer's, cross-motion for summary judgment and denying ACA's corresponding motion. Counsel for ACA advised the Court of the *Oppenheimer* decision in its August 9, 2012 letter. In light of the *Oppenheimer* decision, this Court dismissed, without prejudice, ACA's motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and to stay all class certification proceedings, as well as Plaintiffs' motion to certify.. (Doc. 58). It ordered additional briefing by the parties to discuss *Oppenheimer's* impact on both the "substantive merits of this case and also upon plaintiffs' attempts to have a class action certified." (*Id*). Pursuant to Magistrate Judge Alexander's September 17, 2012 Order, ACA must file its Motion to Dismiss by December 3, 2012. (Doc. 63).

---

[2] The New York Supreme Court serves as the trial court with statewide jurisdiction in New York.

4/346879.2

ACA filed its appellate brief in *Oppenheimer* on November 6, 2012. (ACA's Brief for Appellant attached to Motion as **Exhibit B**). This appeal has been noticed for the January 2013 Term of the Supreme Court of the State of New York, Appellate Division, First Department. (Notice of Issue in the New York Appellate Division, First Department, attached to Motion at **Exhibit C**).

Based on the brevity of the requested stay and its necessity in the interest of judicial economy, ACA respectfully requests this Court to stay all proceedings—any discovery responses and the motions to be filed by December 3--pending the decision by the New York appellate court in *Oppenheimer*.

<u>**Argument**</u>

"The power of this Court to 'stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for the litigants.'" *Sevel v. BP, PLC*, 2010 WL 2867860 *1 (S.D Miss. May 27, 2010) (quoting *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). Judicial economy supports a stay of these proceedings pending the determination of the *Oppenheimer* appeal: (1) to avoid the necessity of another round of briefing by the parties in this action after a decision by the New York appellate court; (2) to clarify issues of New York law that are central to this action; and (3) to determine the identity and size of the putative Class. *See Eaton Vance Municipals Trust v. Conegie*, 2007 WL 1484539 *1 (N.D. Miss. May 18, 2007) ("while pending appeal does not preclude this Court's consideration of the issues raised…the Court concludes that the interests of judicial economy and efficiency militate in favor of a stay"); *see also Sevel*, 2010 WL 2867860 at *1 ("a stay of these proceedings will promote judicial economy" pending a

3

decision by the Judicial Panel on Multidistrict Litigation on whether to transfer this matter to multidistrict litigation).

A stay in this case pending determination of the appeal of the *Oppenheimer* decision would allow a New York appellate court the opportunity to clarify New York state law as it relates to the central issues raised in this case. (*See* Doc. 58 at p. 3 (the issues are "still being clarified in *Oppenheimer*" and "turn largely upon an interpretation of the law of" New York)). The Court's concerns in its August 10, 2012 Order are still present. There has not been any clarification of the New York law that is essential to the issues before the Court. Requiring additional briefing prior to such clarification will not aid the Court as to the current state of New York law that is presently subject to determination on appeal. Additional briefing requires time and resources of not only the parties, but also of the Court, that can be avoided with a brief stay of the proceedings until New York law has been clarified by the New York appellate court. As such, ACA respectfully requests a stay until a final determination in *Oppenheimer* by the New York Appellate Division, First Department.

Additionally, a stay is proper due to the enormous amount of resources anticipated to be expended, and costs incurred, by ACA in responding to Plaintiffs' discovery requests. (ACA already has expended enormous effort and resources in just beginning to respond to Plaintiffs' extensive discovery requests.) This is especially true here, when considerable costs would be incurred in responding to discovery that may be rendered completely unnecessary by the result of the *Oppenheimer* appeal.

Due to the breadth of Plaintiffs' discovery requests, and the electronic storage of records, a comprehensive and inclusive search was conducted to harvest potentially responsive documents from ACA. This effort resulted in a collection of 16 gigabytes of data, in compressed

form. Generally, the data amount expands by at least five times once the data has been uncompressed. It has taken the nearly full-time effort of three lawyers with substantial additional time spent by counsel's litigation support department and an external vendor to review these documents.

In an effort to mitigate some expense prior to and pending this Court's determination relating to this motion to stay, counsel for both parties conducted a telephonic hearing with Magistrate Judge Alexander. (Doc. 71). At this hearing, Judge Alexander granted ACA temporary relief of its obligations to respond to Plaintiff's remaining discovery requests, previously due on November 24, 2012.

In an effort to permit ACA to file the instant motion with this Court, Judge Alexander extended ACA's obligation to respond to discovery requests until January 3, 2013. (Doc. 72).

Counsel for ACA has, at a minimum, 20,000 more documents to review, in addition to ensuring quality control and completing privilege review and privilege log obligations. Due to the magnitude of this effort and the possibility of the *Oppenheimer* appeal's eliminating the need for this effort, ACA also requests judicial relief from (1) the current production deadlines, and (2) any additional discovery pending the determination of the *Oppenheimer* appeal.

<u>Conclusion</u>

For these reasons, ACA respectfully requests that the Court enter an order staying all proceedings pending a decision in *Oppenheimer*, or until further order of the Court, and granting ACA such other and further relief as this Court deems appropriate.

RESPECTFULLY SUBMITTED, this the 21st day of November, 2012.

/s/ Erin Saltaformaggio _____

4/346879.2

David W. Clark (MBN 6112)
Erin Saltaformaggio (MBN 103999)

BRADLEY ARANT BOULT CUMMINGS LLP
One Jackson Place
188 E. Capitol Street, Suite 400
Jackson, Mississippi 39201
Telephone: (601) 948-8000
Facsimile: (601) 948-3000
esaltaformaggio@babc.com
Attorney for Defendant
ACA Financial Guaranty Corporation

## CERTIFICATE OF SERVICE

I hereby certify that on November 21, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will deliver copies to all counsel of record.

/s/ Erin Saltaformaggio
ERIN SALTAFORMAGGIO

4/346879.2