IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JAMES E. DAVIS AND FRANCOIS KOHLMANN,
INDIVIDUALLY AND ON BEHALF OF ALL
OTHERS SIMILARLY SITUATED                                                                       PLAINTIFFS

vs.                                                     CIVIL ACTION NO. 3:11-CV-093-MPM-SAA

ACA FINANCIAL GUARANTY
CORPORATION, and
JOHN DOES One through Ten                                                        DEFENDANTS

## PLAINTIFFS' RESPONSES TO DEFENDANTS' FIRST SET OF INTERROGATORIES

Plaintiffs were served *Defendants' First Set of Interrogatories to Plaintiffs* on October 23, 2012 by Defendant ACA Financial Guaranty Corp. ("ACA"). Subsequently, by agreement, the parties agreed that due to the Court's Order of September 17, 2012, Plaintiffs must only respond or object to ACA's Interrogatories 3, 4, 6, 7, 11, and 15 (the "First Stage Interrogatories").

Plaintiffs respond and object to ACA's First Stage Interrogatories generally and individually as stated below. Plaintiffs also reserve all rights to supplement as well as assert any privileges and protections that may be appropriate and warranted at a later date.

### GENERAL OBJECTIONS

Plaintiffs generally object to ACA's First State Interrogatories on the following grounds. Plaintiffs object to ACA's "definitions and instructions" contained in its First Stage Interrogatories on the grounds that the definitions and instructions exceed the requirements of the Federal Rules of Civil Procedure, including Rules 26 and 33. Furthermore, ACA's First Stage Interrogatories are ambiguous, subject to multiple interpretations, overly broad, unduly burdensome, and vague. This includes ACA's mandate for details to be included by Plaintiffs in its privilege log that exceed the requirements of FRCP 26(b)(5)(A) as well as ACA's overly broad definitions of the terms



documents, communication, relate to, and statement. Such definitions and instructions are misleading, vague, and would require Plaintiffs to discuss or disclose documents, materials, and communications that are privileged, protected, and/or not relevant to this matter. Lastly, ACA's definitions and instructions would require Plaintiffs to shoulder an unnecessary and unduly burdensome load that is not reasonably calculated to lead to the discovery of admissible evidence. For all of these reasons, Plaintiffs will only comply with and respond to ACA's discovery that conforms to the Federal Rules of Civil Procedure.

Plaintiffs reserve the right to supplement their responses and objections at a later date.

## INTERROGATORIES

3. For each and every Original Bond and New Bond, please provide the following information: the date and amount of payment made on each, the manner in which payment was made (e.g. cash, bank draft, check, etc.), the name of the person who made the payment and separately itemize any all payments received, the date the payment was received, and the amount of the payment.

**RESPONSE:** See Plaintiffs' general objections. Furthermore, Plaintiffs object to Interrogatory No. 3 on the grounds that it is not relevant as it is not reasonably calculated to lead to the discovery of admissible evidence. The majority of Interrogatory No. 3 has no purpose but to annoy and unduly burdensome Plaintiffs with the unnecessary duty to investigate and disclose the nature of payment of the purchased securities that are undeniably owned by Plaintiffs as identified in the statements produced by Plaintiffs showing their respective ownership in the insured bonds. Without waiving any objections, Plaintiffs respond as follows. On April 29, 2011, James Davis purchased twenty Connector 2000 Association Inc. bonds insured by ACA and identified by CUSIP# 20786LCS8 with a maturity value of $100,000 for $32,900. To date, James Davis has not received any payments from ACA or any other person or entities relating to his bonds and certificates of bond insurance issued and guaranteed by ACA.

On November 8, 2007, Francois Kohlmann purchased eight Connector 2000 Association Inc. bonds insured by ACA and identified by CUSIP# 20786LCS8 for $40,000. To date, Francois Kohlmann has received $4,200 in payments from Connector 2000 Association Inc. and $3,150 in payments from ACA. However, ACA has wrongfully refused to make other payments due to the Plaintiffs as well as others similarly situated individuals.

4. For each and every Certificate of Bond Insurance please provide the following information: the par amount of indebtedness represented by such depositary(sic) receipt, the date of purchase, the price paid.

**RESPONSE:** See Plaintiffs general objections, individual objections, and response to Interrogatory No. 3.

6. With respect to each Original Bond and New Bond you contend is insured by an ACA Financial Guaranty Corporation policy of insurance, identify the bond by the following information: bondholder or owner, CUSIP number, date of purchase, amount of purchase, and amount of bond.

**RESPONSE:** See Plaintiffs general objections. In addition, Plaintiffs object to Interrogatory No. 6 on the basis that is vague, misleading, and mischaracterizes Plaintiffs' position. At no point have Plaintiffs ever contended that ACA insured the New Bonds. ACA's unequivocal and irrevocable acceptance to issue secondary market insurance on payments relating to the Original Bonds gave birth to securities identified by CUSIP #s: 20786LCS8; 20786LCU3; 20786LCV1; 20786LCW9; 20786LCX7; and 20786LCY5. Plaintiffs purchased these securities identified by CUSIP # 20786LCS8; which is backed by ACA and its "non-cancelable" certificates of bond insurance. CUSIP # 20786LCS8 relationship to the Original Bond is also identified and recognized in ACA's Secondary Market Insurance Policy No. S0601-15.

7. Identify any and all communications, and the substance of the identified communications,

between each and every Plaintiff and any person relating to the Connector 2000 Bankruptcy including U.S. Bank as Custodian and U.S. Bank as bond trustee.

**RESPONSE:** See Plaintiffs general objections. Furthermore, Plaintiffs object to Interrogatory No. 7 on the basis that it seeks the discovery of communications that are protected by the attorney-client privilege and work product doctrine. Furthermore, Interrogatory No. 7 is vague, ambiguous, and susceptible to multiple interpretations.

Without waiving their objections, Plaintiffs respond as follows. Plaintiffs' counsel contacted Patrick Crowley with U.S. Bank, acting custodian for holders and owners of the bonds and certificates of bond insurance in dispute in this case, to discern what communications Mr. Crowley had or may have had with ACA regarding its unsubstantiated refusal to honor the secondary market insurance policies. It was also discussed that no bondholders or owners had neither exchanged their bonds nor surrendered their rights to payment under ACA's secondary market insurance policies. Plaintiffs' counsel was informed that all necessary notices, forms, and assignments had been sent to ACA requesting payment as required by ACA's secondary market insurance policies. Plaintiffs' counsel requested that Mr. Crowley execute an affidavit, but U.S. Bank stated that it "does not think it appropriate to provide an affidavit in the matter". Plaintiffs' counsel also requested that Mr. Crowley forward copies of the notices, forms, and assignments exchanged between U.S. Bank and ACA.

11. Provide in detail your attorneys' experience in representing class actions. Specifically including, but not limited, to the following information:

(a) The total number of class action lawsuits in which your attorney has represented the class; and

(b) The case style of any prior class representation; and

(c) The dates of any prior class representation; and

(d) The result of any prior class representation (e.g., dismissed, settled, judgment entered, etc.); and

(e) Whether any member of the class submitted a grievance or complaint, formal or information, during or following any of the prior class representations; and

(f) The total number of class action lawsuits, listed by case style, in which your attorneys' law firm has undertaken the representation of a class.

**RESPONSE:** Plaintiffs' counsel has never been named as class counsel in any prior class action cases.

15. State precisely and in detail the exact equitable relief, if any, you seek with respect to the Secondary Market Insurance Policies and/or Certificate of Bond Insurance at issue in this action.

**RESPONSE:** See Plaintiffs general objections. Without waiving the same, Plaintiffs respond as follows. See Plaintiffs Amended Complaint which seeks equitable relief in all forms including declaratory relief that ACA is and has always been obligated to provide coverage to Plaintiffs and all similarly situated individuals and entities for all claimed losses under ACA's secondary market insurance policies and certificates of bond insurance, evidenced by CUSIP #s 20786LCS8; 20786LCU3; 20786LCV1; 20786LCW9; 20786LCX7; and 20786LCY5. More specifically, Plaintiffs seek declaratory relief and a declaratory judgment finding that ACA's duties to make all non-payments owed to the Plaintiffs as well as all purchasers, owners, and beneficiary owners of ACA's secondary market insurance policies and certificates of bond insurance at issue in this case never ceased and remain intact. Plaintiffs also seek equitable injunctive relief enjoining ACA from further denying its obligations to Plaintiffs and any other similarly situated individuals, entities, purchasers, owners, and beneficiary owners and purchasers of ACA secondary market insurance policies and certificates of bond insurance at issue in this case. Furthermore, Plaintiffs seek any and all equitable relief allowed under the powers of this Court.

By: _____
Jesse Mitchell III (MS Bar # 103020)
**Attorney for Plaintiffs**

**OF COUNSEL:**

**THE MITCHELL FIRM, PLLC**
774 Avery Blvd. N, Ste. G
Ridgeland, Mississippi 39157
Telephone: (769) 300-0462
Facsimile: (601) 510-1981
Email: jmitchell@themitchellfirms.com

## VERIFICATION

I, Francois Kohlmann, being duly sworn, state that I am one of the Plaintiffs in the above-captioned lawsuit; and, as such, that I am duly authorized to sign this Verification. I have read the foregoing *Responses to Defendant ACA's First Set of Interrogatories to Plaintiffs* and know the contents therein. The facts stated herein have been assembled by authorized attorneys. I am informed and verify that the facts stated therein are true and correct to the best of my knowledge, information and belief.

_____
Signature of Francois Kohlmann


SUBSCRIBED AND SWORN TO before me, this undersigned notary public, on this the _____ day of _____, 2012.


_____
Signature of Notary Public

(SEAL)

## VERIFICATION

I, James E. Davis, being duly sworn, state that I am one of the Plaintiffs in the above-captioned lawsuit; and, as such, that I am duly authorized to sign this Verification. I have read the foregoing *Responses to Defendant ACA's First Set of Interrogatories to Plaintiffs* and know the contents therein. The facts stated herein have been assembled by authorized attorneys. I am informed and verify that the facts stated therein are true and correct to the best of my knowledge, information and belief.

_____
Signature of James E. Davis

SUBSCRIBED AND SWORN TO before me, this undersigned notary public, on this the _____ day of _____, 2012.

_____
Signature of Notary Public

(SEAL)

## CERTIFICATE OF SERVICE

I, Jesse Mitchell III, attorney of record for the Plaintiffs, do hereby certify that I this day had a true and correct copy of the above and foregoing document mailed via U.S. Mail to the following:

W. Wayne Drinkwater, Esq.
Erin Saltaformaggio
David Clark
BRADLEY ARANT BOULT CUMMINGS, LLP
188 East Capitol Street
Jackson, MS 39215-1789
Telephone: (601) 948-8000
Facsimile: (601) 948-3000

**ATTORNEYS FOR DEFENDANT ACA FINANCIAL GUARANTY CORP.**

This the 3rd day of December, 2012.

_____
JESSE MITCHELL, III