# 687
## Exhibit 2 to Ryan Affidavit -
## Certificate of Bond Insurance for Bonds Insured
## by ACA Financial Guaranty Corporation
## [pp. 687 - 691]

NUMBER: $

CERTIFICATE OF BOND INSURANCE
For Bonds Insured by

ACA FINANCIAL GUARANTY CORPORATION

U.S. BANK TRUST NATIONAL ASSOCIATION, AS CUSTODIAN
(NOT AN INTEREST IN OR DEBT OBLIGATION OF THE CUSTODIAN)

Description:

Uninsured CUSIP:                                     Insured CUSIP:

Maturity Date:

Interest Rate:

Interest Record Dates:

Interest Payment Dates:

Registered Owner:

Principal Amount:                                                       dollars

REFERENCE IS HEREBY MADE TO THE FURTHER PROVISIONS OF THIS CERTIFICATE SET FORTH IN THE CUSTODY AGREEMENT DATED NOVEMBER 3, 1997, AND SUCH FURTHER PROVISIONS SHALL FOR ALL PURPOSES HAVE THE SAME EFFECT AS IF SET FORTH HEREIN.

This Certificate shall not be valid or become obligatory for any purpose unless and until duly executed by the Custodian.

IN WITNESS WHEREOF, the Custodian has caused this Certificate of Bond Insurance to be executed in its name by the manual signature of an authorized signatory thereof.

Dated:

U.S. BANK TRUST NATIONAL ASSOCIATION, as Custodian

By:_____
     Authorized Signature

-1-



EXHIBIT 19

688

Beneficial interest in this Certificate may be transferred only as provided below. This Certificate is not a deposit account and is not insured by the Federal Deposit Insurance Corporation.

The Obligations or Obligations (the "Obligations") and the insurance policy (the "Policy") issued by ACA Financial Guaranty Corporation (the "Insurer") are being held in custody by U.S.Bank Trust National Association (the "Custodian") pursuant to the terms of the custody agreement dated November 3, 1997 between the Insurer and the Custodian (the "Custody Agreement") on file with the Custodian. The terms and conditions of the Custody Agreement are hereby incorporated in this Certificate as if fully set forth herein. The registered holder or holders of this Certificate and related Certificates (the "Holders") and any owner or owners of book-entry positions in the Obligations (collectively, the "Beneficial Owners") hereby assents to all of the terms and provisions of the Custody Agreement. The payment of principal of and interest on the Obligations covered by this Certificate are insured under the Policy by the Insurer as more fully described in the Statement of Insurance printed hereon. Any terms used herein not expressly defined shall have the meanings assigned to them in the Custody Agreement. The Obligations to which this and related Certificates of Bond Insurance refer, as well as interest and principal received by the Custodian pending disbursement, will be held by the Custodian in a custody account on behalf of the Beneficial Owners.

The Obligations to which this Certificate of Bond Insurance ("the Certificate") relates are held either directly by the Custodian or for the account of the Custodian with the Depository Trust Company or other securities depository registered under Section 17 (a) of the Securities Exchange Act of 1934, as amended (an "Authorized Depository"). Such Obligations, if held directly by the Custodian and if registrable as to principal of and interest or as to principal alone, are registered in the name of the Custodian or its nominee. If such Obligations are held directly by the Custodian and are issuable solely as bearer Obligations, the Custodian shall present the appurtenant coupons for payment on the payment date thereof. If such Obligations are held directly by the Custodian, the Custodian shall present each Obligation for payment on the maturity date thereof or on such prior date as such Obligation shall have been called for earlier redemption. The Custodian shall remit all payments of principal of and interest on such Obligations by mail to the Holders as received; provided, that with respect to such principal payments, the Holders shall first present and surrender this Certificate at the corporate trust office of the Custodian in New York, New York. If a portion of the Obligations to which this Certificate relates shall be called for redemption, a new Certificate stating a principal amount equal to the unredeemed portion of the Obligations to which this Certificate relates will be issued to the Holder hereof upon the surrender of this Certificate to the Custodian. If less than all of the Obligations of a particular issue held by the Custodian are to be redeemed, the Custodian shall select by lot the Certificate or Certificates to which said redeemed Obligations relate.

All payments of principal of and interest on Obligations shall be made to the Beneficial Owners by the Custodian in New York Clearing House funds. Except in cases where the premium due to the Insurer and fees due to the Custodian are to be paid together in periodic installments from payments of principal of and interest on the Obligations, the Custodian is not entitled to make any other deductions from such payments to compensate itself for its services or expenses incurred in connection therewith. The Custodian has no responsibility for the payments of principal of and interest on the Obligations, other than to remit such payments, subject to the provisions of Section 4.03 of the Custody Agreement, not later than the Business Day following the day any such payment is received by the Custodian, to the Beneficial Owners, and to file claims under the Policy in the event of nonpayment of such amounts by the Issuer of the Obligations, as hereinafter described.

Upon receipt by the Custodian of any notice of default, of any meeting of the Beneficial Owners or of any solicitation by the Issuer of the Beneficial Owners, the Custodian shall give notice to the Beneficial Owners including the information received by the Custodian. Upon receipt by the Custodian of instructions of the Beneficial Owners pertaining to any said notice and with indemnification satisfactory to the Custodian, the Custodian shall endeavor, insofar as practicable, to act in accordance with said instructions.

-2-

689

The Beneficial Owners acknowledge and agree that in the event the Issuer does not make timely payments of principal of and interest on the Obligations covered by this Certificate, the Custodian shall, as attorney-in-fact of said Beneficial Owner, make a claim for payment under the Policy with respect to the Obligations. In order to obtain payments under the Policy, the Custodian shall execute and deliver appropriate instruments of assignment to the Insurer, such assignment being reasonably satisfactory to the Insurer. Upon any such payment by the Insurer of the principal of or interest on the Obligations, the Insurer shall become the owner of the Obligations, appurtenant coupon(s) if any, or right to payment of principal of or interest on such Obligations so paid, and shall be subrogated to all of the Beneficial Owners' rights thereunder, including the Beneficial Owners' rights to payment thereof. The Beneficial Owners hereof shall have no further rights with respect to any Obligations or portion thereof so paid.

Upon any default by the Insurer in the payment of any amounts due under the Policy, the Beneficial Owner of this Certificate shall have the right to proceed directly and individually against the Insurer or the Issuer in whatever manner said Beneficial Owner deems appropriate and is not required to act in concert with other Beneficial Owners.

This Certificate may be exchanged, subject to the provisions of Section 2.06 of the Custody Agreement, at the option of the Beneficial Owner hereof, for one or more Certificates evidencing ownership of an equal aggregate principal amount of Obligations at the corporate trust office of the Custodian in New York, New York, upon payment of any tax or other governmental charge levied for such exchange.

Ownership of this Certificate is transferable on the transfer books of the Custodian, by the Holder hereof or his duly authorized attorney, upon surrender of this Certificate at the corporate trust office of the Custodian in New York, New York, together with the Assignment set forth herein properly executed and endorsed. The Custodian shall execute and deliver in the name of the transferee(s), one or more Certificates, as the case may be, evidencing ownership of a principal amount equal in aggregate principal amount to the principal amount of the Certificates so surrendered. No service charge shall be imposed by the Custodian for the registration of this Certificate but the Custodian may require payment of a sum sufficient to cover any tax or governmental charge that may be assessed in connection with any such registration of transfer.

In the event that this Certificate is destroyed, lost, mutilated or stolen, and there is delivered to the Custodian such security or indemnity as may be required by the Custodian to hold it harmless, then upon surrender of such mutilated Certificate to the Custodian for cancellation, or receipt by the Custodian of evidence satisfactory to it that such Certificate has been destroyed, lost or stolen, the Custodian shall execute and deliver a new Certificate of Bond Insurance, substantially in the form and amount of the Certificate destroyed, lost, mutilated or stolen. Upon the issuance of a new Certificate in accordance with this paragraph, the Custodian may require the payment of a sum sufficient to cover any tax or governmental charge that may be imposed in connection with the issuance of a replacement Certificate.

The Custodian may treat the person in whose name this Certificate is registered as the owner hereof for the purpose of receiving payments of principal of and interest on the Obligations evidenced hereby and shall treat the Holder as the party entitled to receive payments of claims under the related Policy.

The Custodian undertakes to perform only such duties as specifically set forth in the Custody Agreement, and in no event shall the Custodian be liable to Beneficial Owners hereof, or to any other persons, for any act or omission thereunder except by reason of the Custodian's gross negligence, willful misconduct or bad faith.

The Custodian shall at all times be a bank or trust company organized or doing business under the laws of the United States of America or the State of New York, authorized to act as Custodian, subject to examination by Federal or New York State authority and having an office or an agent for acceptance and delivery of Certificates and Obligations in the Borough of Manhattan, City and State of New York.

-3-

690

The Custody Agreement between the Insurer and the Custodian may be terminated by either party in accordance with the provisions of Section 4.06 of the Custody Agreement. Incident to any such termination, the Insurer shall appoint a successor custodian. The Custodian shall give written notice of any such termination and of the appointment of a successor custodian to the Beneficial Owners. Any termination of the Custody Agreement shall not be effective until such time that a successor custodian has assumed the obligations of the Custodian.

This Certificate shall not become valid or effective unless and until duly executed by the Custodian. The terms and provisions of this Certificate will be governed by the laws of the State of New York.

### STATEMENT OF INSURANCE

ACA Financial Guaranty Corporation (the "Insurer") has issued a policy containing the following provisions, such policy being on file at the corporate trust office of U.S.Bank Trust National Association, or its successors, as Custodian (the "Custodian") in New York, New York (the "Policy").

Any terms used herein not expressly defined shall have the meanings assigned to them in the Policy or in the Custody Agreement dated as of November 3, 1997, between the Insurer and the Custodian.

The Insurer, in consideration of the payment of the premium and subject to the terms of the Policy, has unconditionally and irrevocably guaranteed to the Custodian for the benefit of the Holders or Owners, as the case may be, the full and complete payment required to be made by or on behalf of the Issuer of the Obligations in an amount equal to (i) the principal of (either at the stated maturity or by advancement of maturity pursuant to a mandatory sinking fund payment) and interest on the Obligations, as such payments shall become due but shall not be paid (except that in the event of acceleration of the due date of such principal for any reason, other than an advancement of maturity pursuant to a mandatory sinking fund payment, the payments guaranteed hereby shall be made in such amounts and at such times as such payments of principal would have been due had there not been any such acceleration, unless the Insurer shall elect, at its sole discretion, to pay the principal upon such acceleration together with interest accrued to the date of such acceleration); and (ii) the reimbursement of any amount which is subsequently recovered pursuant to applicable bankruptcy law by a trustee in bankruptcy, in accordance with a final, non-appealable order of a court of competent jurisdiction. The amounts referred to in clauses (i) and (ii) of the preceding sentence shall be referred to herein collectively as the "Insured Amounts."

Upon receipt of telephonic or telegraphic notice, such notice subsequently confirmed in writing, or upon receipt of written notice by registered or certified mail from the Custodian to the Insurer of the failure by the Issuer to have provided sufficient funds to the Custodian for payment in full of the Insured Amounts on the due date of such payment, the Insurer shall deposit with the Custodian, (a) on the later of the due date of such payment or within one Business Day (as defined below) after the receipt of such notice by the Insurer for Insured Amounts described in clause (i), above, or (b) within five Business Days after the receipt of such notice by the Insurer for Insured Amounts described in clause (ii), above, the Insured Amounts due for payment but unpaid by or on behalf of the Issuer (the "Amount Due for Payment"). The Custodian shall hold all such amounts received from the Insurer in a segregated account to be disbursed, subject to the conditions described below, to the registered holders of Certificates of Bond Insurance relative to the Obligations issued on behalf of the Insurer (the "Holders") and the owners of book-entry positions in the Obligations (the "Owners"). "Business Day" shall mean any day other than a Saturday, Sunday or a day on which banking institutions in the State of New York are authorized or required by law to be closed.

-4-

691

Upon presentation and delivery to the Insurer by the Custodian of (a) evidence of the right of the Custodian, Holder or Owner, as the case may be, to receive payment of the Amount Due for Payment and (b) evidence, including appropriate instruments of assignment, reasonably satisfactory to the Insurer in its sole discretion, that all rights of the Custodian, Holder or Owner, as the case may be, relating to the Obligations shall thereupon vest in the Insurer, then the Custodian shall disburse from the aforesaid segregated account to the Holder or Owner, as the case may be, payment of the Amount Due for Payment. Upon any such disbursement, the Insurer shall become fully subrogated to the rights of such Holder or Owner, including all rights to receive payment to the extent of any payments made by the Insurer pursuant to the Policy.

Amounts received from the Insurer relative to Insured Amounts described in clause (ii), above, relating to recoveries pursuant to applicable bankruptcy law by a trustee in bankruptcy, shall require the presentation to the Insurer of (a) documentation described in the prior paragraph and, in addition, (b) a certified copy of the order giving rise to the claim; and, (c) a certificate from the Custodian, Holder or Owner, as the case may be, that such order has been duly entered and is not subject to any stay. Payment shall be made by the Custodian to the receiver, conservator, debtor in possession or trustee in bankruptcy named in the related order, unless such Custodian, Holder or Owner has previously refunded all or a part of such payment, pursuant to a legal requirement, as demonstrated to the satisfaction of the Insurer.

The Policy shall not insure against the failure of the Custodian to remit amounts received under the Policy to the applicable Owner or Holder. The premium for the Policy is not refundable for any reason, including the payment of the Obligations prior to maturity.

The Policy is non-cancelable, except in the event that the Holder or Owner surrenders its beneficial interest in the Certificate of Bond Insurance pursuant to the provisions of the Custody Agreement and waives any rights to payment made by the Insurer under the Policy. The Policy does not provide for any payment to or by the Custodian on behalf of an Owner or Holder who is the Issuer or any third party whose direct or indirect obligation constitutes the underlying security for the Obligation.

The Policy is nontransferable except in accordance with the terms and conditions of the Custody Agreement. The Policy shall be governed by the laws of the State of New York.

### ACA FINANCIAL GUARANTY CORPORATION

FOR VALUE RECEIVED, the undersigned hereby sells, assigns and transfers unto

_____

NAME, ADDRESS AND TAXPAYER IDENTIFICATION NUMBER OF ASSIGNEE

The within Certificate, and all rights thereunder, hereby irrevocably constituting and appointing

_____ Attorney

To transfer said Certificate on the books of the Custodian, with full power of substitution in the premises.

Dated: _____

Signature

Signature(s) Guaranteed:    NOTICE: The signature on this assignment must correspond with the name as written upon the faced of this Certificate, in every particular, without alteration or enlargement or any change whatsoever.

-5-