Form 1 (ND/SD Miss. Jul. 2011)

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

James E. Davis, et al.                        **PLAINTIFF**

v.        **CIVIL ACTION NO.** 3:11 CV 093-M-A

ACA Financial Guaranty Corporation, et al.        **DEFENDANT**

# CASE MANAGEMENT ORDER

This Order, including all deadlines, has been established with the participation of all parties and can be modified only by order of the Court on a showing of good cause supported with affidavits, other evidentiary materials, or reference to portions of the record.

**IT IS HEREBY ORDERED:**

1. **ESTIMATED DAYS OF TRIAL:**     5-7

    **ESTIMATED TOTAL NUMBER OF WITNESSES:**     8-12

    **EXPERT TESTIMONY EXPECTED:** Yes     **NO. OF EXPERTS:**     4-6

    The parties anticipate possible expert testimony regarding securities, insurance, bonds and bankruptcy.

2. **ALTERNATIVE DISPUTE RESOLUTION [ADR].**

    At the time this Case Management Order is offered it does not appear that alternative dispute resolution techniques will be used in this civil action.

3. **CONSENT TO TRIAL BY UNITED STATES MAGISTRATE JUDGE.**

    The parties do not consent to trial by a United States Magistrate Judge.

FORM 1 (ND/SD MISS. JUL. 2011)

4. **DISCLOSURE.**

   The pre-discovery disclosure requirements of Fed.R.Civ.P.26(a)(1) and U.L.Civ.R. 16(d) and 26(a) have been complied with fully.

5. **MOTIONS; ISSUE BIFURCATION.**

   Staged resolution, or bifurcation of the issues for trial in accordance with FED. R. CIV. P. 42(b) will assist in the prompt resolution of this action. Accordingly, the Court orders that:

   If the claim for punitive damages remains viable at trial, it will be bifurcated.

   Early filing of the following motion(s) might significantly affect the scope of discovery or otherwise expedite the resolution of this action:

   12(b)(6) motion and motion for class certification have already been ruled on by the court. The parties do not anticipate the filing of other motions that might significantly affect the scope of discovery or otherwise expedite the resolution of this action.

6. **DISCOVERY PROVISIONS AND LIMITATIONS.**

   A. Interrogatories are limited to __25__ succinct questions.

   B. Requests for Production and Requests for Admissions are limited to

   __30__ succinct questions.

   C. Depositions are limited to the parties, experts, and no more than

   __5__ fact witness depositions per party without additional approval of the Court.

**D.** The parties have complied with the requirements of Local Rule 26(e)(2)(B) regarding discovery of electronically stored information and have concluded as follows [The parties MUST state whether or not there is ESI and, if so, how they propose to address it]:

The parties anticipate that there is ESI. The parties have comply with Local Rule 26(e)(2)(B) and will retain all ESI that may be discoverable in this case and will produce ESI in its original format or a format that is easily accessible as agreed to by the parties.

Counsel have instructed or will immediately instruct their clients regarding their obligation to preserve any potentially discoverable information which may be stored in electronic form, and confirm that they have instructed or will immediately instruct their respective clients not to delete any ESI related to this matter, including but not limited to e-mails (both those stored on a party's hard drive or through an online internet service such as "gmail" or "yahoo"), electronic texts, social networking sites, word processing documents and spreadsheet documents, etc.

**E.** The court imposes the following further discovery provisions or limitations:

☐ 1. Defendant may have a Fed. R. Civ. P. 35 (L.U.Civ.R. 35) medical examination of the plaintiff (within subpoena range of the court) by a physician who has not examined the plaintiff. The examination must be completed in time to comply with expert designation deadlines.

☐ 2. Pursuant to Rule 502(d) of the Federal Rules of Evidence, the attorney-client privilege and the work-product protections are not waived by any disclosure connected within this litigation pending before this Court. Further, the disclosures are not waived in any other federal or state proceeding.

☐ 3. Plaintiff must execute a waiver of the medical privilege.

☐ 4. Other:

Additional Provisions:

Counsel will submit an informal status report to the undersigned by August 15, 2013 regarding the posture of the New York litigation and whether the parties are amenable to settlement discussions in any form.

7. **SCHEDULING DEADLINES**

   A. **Trial.** This action is set for  JURY TRIAL

   beginning on: June 23, 2014 , at  9:40 , a.m. , in  Oxford ,

   Mississippi, before United States  District  Judge  Michael P. Mills . THE ESTIMATED NUMBER OF DAYS FOR TRIAL IS  5-7 days . ANY CONFLICTS WITH THIS TRIAL DATE MUST BE SUBMITTED IN WRITING TO THE TRIAL JUDGE IMMEDIATELY UPON RECEIPT OF THIS CASE MANAGEMENT ORDER.

   B. **Pretrial.** The pretrial conference is set on: May 22, 2014 , at  10:00 , a.m. ,

   in  Oxford , Mississippi, before United States  Magistrate

   Judge  S. Allan Alexander .

   C. **Discovery.** All discovery must be completed by: January 27, 2014 .

   D. **Amendments.** Motions for joinder of parties or amendments to the pleadings must be

   filed by:  August 15, 2013 .

   E. **Experts.** The parties' experts must be designated by the following dates:

   **1.** Plaintiff(s):  October 28, 2013 .

   **2.** Defendant(s):  November 29, 2013 .

8. **MOTIONS.** All dispositive motions and *Daubert*-type motions challenging another party's expert must be filed by: February 10, 2014 .The deadline for motions *in limine* is fourteen days before the pretrial conference; the deadline for responses is seven days before the pretrial conference.

9. **SETTLEMENT CONFERENCE.**

   If the parties desire judicial assistance to settle the case after initial discovery, they will contact the Court to request a date for a settlement conference when they have obtained the discovery necessary to make the conference effective.

10. **REPORT REGARDING ADR.** On or before (7 days before FPTC) May 1, 2014 , the parties must report to the undersigned all ADR efforts they have undertaken to comply with the Local Rules or provide sufficient facts to support a finding of just cause for failure to comply. *See L.U.Civ.R.83.7(f)(3)*.

**SO ORDERED:**

June 20, 2013          /s/ S. Allan Alexander
DATE                   UNITED STATES MAGISTRATE JUDGE