UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JAMES E. DAVIS, et. al

                                                                                                                          PLAINTIFFS

vs.                                                                            CAUSE NO. 3:11-CV-093-MPM-SAA

ACA FINANCIAL GUARANTY
CORPORATION, and
JOHN DOES One through Ten                                                 DEFENDANTS

### DEFENDANT ACA'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT FOR LACK OF SUBJECT-MATTER JURISDICTION

#### Introduction

In July 2011, Plaintiff James Davis ("Davis") commenced a putative class action on behalf of a group of ACA policy holders demanding, among other things, that Defendant, ACA Financial Guaranty Corporation ("ACA"), provide bond payments (interest or principal) that would have been due under certain insurance policies had the issuer not defaulted on insured bonds. Davis initially sought to amend his complaint in October 2011 to add FMS Bonds, Inc. as an additional plaintiff and then promptly withdrew that motion. Davis pursued a second motion to amend in order to add Francois Kohlmann as an additional plaintiff. Kohlmann subsequently was voluntarily dismissed without prejudice.

This Court entered a Case Management Order on June 20, 2013, requiring all amended pleadings to be filed by August 15, 2013. On the deadline, Davis filed for leave to amend to add one plaintiff. Leave was granted if the amended pleading was filed by September 11, 2013. No amendment was filed by that date. Instead, Davis again asked for leave to amend on September 18, 2013. This time, however, he requested leave to add numerous additional plaintiffs; leave was granted if the amendment was filed by September 23, 2013. On September 18, 2013, Davis

filed a Second Amended Complaint, listing over thirty additional plaintiffs. Plaintiffs contend in this Second Amended Complaint that federal subject-matter jurisdiction is founded upon complete diversity of citizenship under 28 U.S.C. § 1332(a). Complaint ¶ 37 [Exhibit A]. However, Plaintiffs simultaneously contend that one of the Plaintiffs, Robin Gerut, is a resident of New York and that ACA has its principal place of business in New York. *Id.* at ¶¶ 18, 35. Due to a clear lack of complete diversity, as set forth in Plaintiffs' Second Amended Complaint, this Court does not have jurisdiction of this cause.

## Motion to Dismiss Standard

"A claim is properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the claim." *Home Builders Ass'n, Inc. v. City of Madison*, 143 F. 3d 1006, 1010 (5th Cir. 1998)). A motion under this rule should be granted only "if it appears certain that the [party] cannot prove any set of facts in support of their claims that would entitle them to relief." *Id.* at 1010; *see also Ronsonet v. Carroll*, 113 F.Supp.2d 1009, 1015 (S.D. Miss. 2000). In considering whether the court has jurisdiction, it "must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff." *McCartney v. First City Bank,* 970 F.2d 45, 47 (5th Cir.1992). The party asserting subject-matter jurisdiction bears the burden of proof. *Martin v. PepsiAmericas, Inc.*, 628 F.3d 738, 740 (5th Cir. 2010).

## Argument

Complete diversity must exist in order for a court to have federal subject-matter jurisdiction based upon diversity of citizenship. *Harrison v. Prather*, 404 F.2d 267, 272 (5th Cir. 1968). For purposes of diversity jurisdiction, a person is considered to be a citizen of the state in which he or she resides or is domiciled. *Brown v. Mutual of New York Life Ins. Co.*, 213

F.Supp.2d 667, 670 (S.D. Miss. 2002). A corporation, on the other hand, is "a citizen of the state in which it has been incorporated and also the state where it has its principal place of business." *Prather*, 404 F.2d at 272. Absent complete diversity, a matter before a federal court on the grounds of diversity jurisdiction must be dismissed. *Cayson v. Aurora Cares, LLC*, No. 1:07CV2-SA-JAD, 2008 WL 2692586, at *1 (N.D. Miss. July 2, 2008).

Plaintiffs make clear in their Second Amended Complaint that there is a lack of complete diversity when they state "Plaintiff Robin Gerut is a resident citizen of Hewlett Bay Park, New York" and "Defendant ACA is a foreign insurance company incorporated in the State of Maryland with its principal place of business at 600 Fifth Avenue, 2nd Floor, New York, NY 10020." Exhibit A, at ¶¶ 18, 35. Accepting Plaintiffs' well-pleaded facts as true and viewing them in the light most favorable to the Plaintiffs, complete diversity cannot be established. As such, this case must be dismissed

## Conclusion

As set forth in Plaintiffs' Second Amended Complaint, there is a lack of complete diversity of citizenship. Accordingly, this Court should dismiss this action in its entirety.

RESPECTFULLY SUBMITTED, this the 2nd day of October, 2013.

/s/David W. Clark
David W. Clark (MBN 6112)
Erin Saltaformaggio (MBN 103999)
BRADLEY ARANT BOULT CUMMINGS LLP
One Jackson Place
188 E. Capitol Street, Suite 400
Jackson, Mississippi 39201
Telephone: (601) 948-8000
Facsimile: (601) 948-3000
*Attorneys for Defendant ACA Financial Guaranty Corporation*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on October 2, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will deliver copies to all counsel of record.

                                        /s/ David W. Clark
                                        OF COUNSEL