**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**JAMES E. DAVIS, ET AL.**
                                                      **PLAINTIFFS**

**VERSUS**                        **CIVIL ACTION NO: 3:11CV-093-MPM-SAA**

**ACA FIANCIAL GUARANTY CORPORATION
AND JOHN DOES One through Ten**                         **DEFENDANT**

**DEFENDANT ACA FINANCIAL GUARANTY CORPORATION'S
MOTION FOR STAY PENDING DETERMINATION OF MOTION FOR SUMMARY
JUDGMENT AND MOTION TO DISMISS CERTAIN OF PLAINTIFFS' CLAIMS**

The Defendant, ACA Financial Guaranty Corporation ("ACA"), respectfully moves this Court to stay proceedings in this matter pending determination of two pending motions.[1] In brief, this case had been paused with the parties awaiting a decision in New York on the Oppenheimer decision,[2] there was a decision, and ACA has decided not to appeal further but to honor the decision and pay under the Policies. Because of this and the controlling law, as set out in ACA's pending motions (Doc. 112, 114), Plaintiffs have no remaining claims or damages against ACA and the claims in this case should be dismissed. Further, the parties should not be required to go to further expense pending determination of those motions.

As this Court is well aware, ACA's rights and obligations with respect to its bondholders, including the plaintiffs herein, revolve around and are determined by New York law[3]. The

---

[1] ACA has another motion pending, its Motion to Dismiss for lack of subject matter jurisdiction. However, Plaintiffs likely can correct their complaint to overcome that pleading deficiency by obtaining leave to amend to omit the newly added non-diverse plaintiff.

[2] Oppenheimer AMT-Free Municipals, et al. v. ACA Financial Guaranty Corp. ("Oppenheimer"), New York Supreme Court, Appellate Division, First Department, Index 653290/11.

[3] "[I]f a single court is to decide the unresolved legal issues in this case, then that court would preferably be one with expertise in the areas of law at issue." (Doc. 58 at 3). The Court's "inclination is to follow the lead of the New

1

parties and this Court have been waiting for a definitive ruling from the New York appellate courts. On September 3, 2013, the New York Supreme Court, Appellate Division, First Department ("Appellate Division") issued its ruling in <u>Oppenheimer AMT-Free Municipals, et al. v. ACA Financial Guaranty Corp</u>. ("<u>Oppenheimer</u>") that decided critical issues of New York law that apply in this case.

This Court knows that ACA has asked this Court on a number of occasions to stay this case or otherwise withhold ruling so that those issues could be determined by the appropriate courts in New York, and the parties have assumed that the determination on that appeal could determine the outcome of this litigation.[4]

Upon consideration of the decision in the Appellate Division, ACA decided to seek no further appeal of that determination of New York law, and on September 12, 2013 ACA notified plaintiffs' counsel of its decision to honor all of its obligations under the Policies and related documents in accordance with the <u>Oppenheimer</u> Order. (To remove any question, ACA has even moved for a declaratory summary judgment to be entered obligating ACA to honor its policy obligations.) This means that, with respect to the plaintiffs in this case, ACA would be making net payments in arrears to the extent there had been events of Nonpayment on CUSIPs

---

York court regarding the issues in this case, since they turn largely upon an interpretation of the law of that state." (*Id*). "It appears to this court that the instant case is something of a sideshow to the 'main event' litigation in *Oppenheimer*". (Doc. 89 at 2). "It is thus clear that, at least on a dollar basis, the *Oppenheimer* lawsuit is greatly predominant over this one, and, arguably more importantly, that case is being decided by New York state courts which have both the expertise in and the authority to create new law dispositve of the novel issues in this context." (*Id*). "All parties agree that New York state law controls the instant dispute, and this court has previously expressed its strong inclination to follow the lead of the New York courts in resolving the legal issues in this case." (*Id*).

[4] *Indeed, on December 6, 2012 the Court entered an order staying discovery until further order "after a decision on the appeal" of* <u>Oppenheimer</u>. (Doc. 81). In fact it was ordered that "the parties need not respond to interrogatories and requests for production previously served until further order of the court". (*Id*). No such order has been entered, however an amended scheduling order was entered in June in light of an anticipated June or July ruling in <u>Oppenheimer</u>. (Doc. 97). However, there was no decision in <u>Oppenheimer</u> until September 3. As such, and because of the nearly three-month delay in receiving the <u>Oppenheimer</u> decision, the current case management order almost certainly would need to be changed regardless of whether there is a stay of the proceedings.

2

20786LCS8 (current interest bonds with payments due each January 1 and July 1) and 20786LCU3 (a capital appreciation bond that matured on January 1, 2012); and future net payments on the CUSIP for which there would be future interest, and principal, payments (CUSIP 20786LCS8) and the CUSIPs for which there would be future principal payments (CUSIP nos. 20786LCV1, 20786LCW9, 20786LCX7 and 20786LCY5). Accordingly, the bondholders will have been brought current and assured of future timely payments under the Policies.

Wherefore, Defendant ACA respectfully requests the Court to stay all other proceedings in this matter pending the determinations on ACA's pending motions to dismiss (Doc. 114) and for summary judgment (Doc. 114).

Respectfully submitted, this the 8th day of October, 2013.

/s/David W. Clark_____
David W. Clark (MBN 6112)
Erin Saltaformaggio (MBN 103999)
BRADLEY ARANT BOULT CUMMINGS LLP
One Jackson Place
188 E. Capitol Street, Suite 400
Jackson, Mississippi 39201
Telephone: (601) 948-8000
Facsimile: (601) 948-3000
*Attorneys for Defendant, ACA Financial Guaranty Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 8, 2013, I filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ David W. Clark_____
OF COUNSEL

4/383931.2