UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**JAMES E. DAVIS, ET AL.**　　　　　　　　　　　　　　　　　　　　　**PLAINTIFFS**

**VS.**　　　　　　　　　　　　　　　　**CAUSE NO. 3:11-CV-093-MPM-SAA**

**ACA FINANCIAL GUARANTY
CORPORATION, and
JOHN DOES One through Ten
DEFENDANTS**

---

**PLAINTIFFS' RESPONSE TO DEFENDANT ACA'S MOTION TO DISMISS**

---

COME NOW Plaintiffs, James E. Davis, *et al.*, and submit this Response to Defendant ACA's Motion to Dismiss. In support, Plaintiffs state the following:

1. Defendant ACA filed a Motion to Dismiss Plaintiffs' Second Amended Complaint and a Memorandum in Support on October 2, 2013, (Dkt. #109 and #110) arguing that the inclusion of Plaintiff Robin Gerut, a New York resident, destroyed diversity, as ACA is also a New York resident.

2. On October 4, 2013, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), Robin Gerut filed her Notice of Voluntary Dismissal (Dkt. #111), effectively dismissing her as a plaintiff in this case. Robin Gerut's filing was completed in advance of ACA filing a motion for summary judgment or answer.

3. ACA's Motion, in the form of one to dismiss, was not a motion for summary judgment, nor can it be considered an answer which would prohibit the application of Federal Rule of Civil Procedure 41(a)(1)(A)(i) governing the voluntary dismissal of a plaintiff's case or claim.

Federal Rule of Civil Procedure 41(a)(1)(A)(i) specifically states, "… the plaintiff may dismiss an action without court order by filing: (i) *a notice of dismissal before the opposing party serves either an answer or motion for summary judgment*[.]" For example, the Fifth Circuit held in *Carter v. United States* that as "the plain terms of Rule 41(a)(1)(i) establish, a plaintiff has an absolute right to dismiss a lawsuit before the defendant has filed an *answer* or *summary judgment motion*." 547 F.2d 258, 259 (5th Cir. 1977) (emphasis added). Identical to ACA, the defendants in *Carter* had only filed a motion to dismiss prior to the plaintiff filing a notice to dismiss under Federal Rule of Civil Procedure 41(a)(1)(A)(i). *Carter v. United States,* 547 F.2d at 259. The defendants in *Carter* argued that because they had spent considerable time preparing the motion to dismiss, the court should treat the motion as the "equivalent of an answer." *Carter v. United States,* 547 F.2d at 259. The Fifth Circuit squarely rejected that argument and plainly stated that unless "a defendant has filed an answer or summary judgment motion, the governing provision is rule 41(a)(1)." *Carter* at 259.

4. In yet another case, the Fifth Circuit reiterated this position. In *International Driver Training, Inc. v. J-BJRD, Inc.*, the Fifth Circuit again noted that a "plaintiff's right to file a notice of dismissal under Rule 41(a)(1)(i) before the service of an answer or motion for summary judgment is absolute and unconditional." *International Driver Training, Inc. v. J-BJRD, Inc.,* 202 Fed. Appx. 714 (5th Cir. 2006), 2006 WL 2971590 (quoting 8 JAMES W. MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 41.33[2], at 41-48). The Fifth Circuit further held in that case that a "notice of dismissal under Rule 41 is self-executing . . . so there is no need even for a perfunctory order of court . . . ." to end the claimant's case. *International Driver Training, Inc. v. J-BJRD, Inc.*, 202 Fed. Appx. at 716 (internal quotations and citations omitted).

5. Robin Gerut voluntarily dismissed, without prejudice, her claims pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) on October 4, 2013, in advance of ACA filing an answer or motion for summary judgment. Based on a dismissal under this Rule, the Court need not do

anything further to effect dismissal. The dismissal was effective immediately. With Gerut's dismissal effective upon filing of the Notice, diversity has not been destroyed and ACA's Motion to Dismiss has now been rendered moot. Additionally, any attempts by ACA to couch their Motion as anything other than one for dismissal to avoid the application of Rule 41(a)(1)(A)(i), would be squarely against case authority.

6.     Therefore, ACA's Motion to Dismiss (Dkt. #109) has now been rendered moot and must be denied.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs James E. Davis, *et al.*, pray that this Court deny as moot Defendant ACA's Motion to Dismiss Plaintiffs' Second Amended Complaint.

Respectfully submitted, this the 8th day of October, 2013.

By:     /s/ JESSE MITCHELL, III
       Jesse Mitchell, III (MS Bar No.103020)
       Attorney for Plaintiffs

**OF COUNSEL:**
**THE MITCHELL FIRM, PLLC**
774 Avery Blvd., Suite G
Ridgeland, Mississippi 39157
Telephone:     (769) 300-0462
Facsimile:     (601) 510-1981
Email:     jmitchell@themitchellfirms.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on October 8, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

      Respectfully Submitted,


      /s/ JESSE MITCHELL, III  
      JESSE MITCHELL, III (MSB 103020)