IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**JAMES E. DAVIS, et al.**                                                             **PLAINTIFFS**

**v.**                                                   **CIVIL ACTION NO. 3:11-cv-093-MPM-SAA**

**ACA FINANCIAL GUARANTY
CORPORATION, and
JOHN DOES One through Ten**                                     **DEFENDANTS**

**PLAINTIFFS' MOTION TO DEFER, DENY OR CONTINUE AS PREMATURE ACA'S
MOTION FOR SUMMARY JUDGMENT**

      COME NOW PLAINTIFS, James E. Davis, *et al.*, and submit this, their Motion to Defer, Deny or Continue as Premature Defendant, ACA Financial Guaranty Corporation's ("ACA") Motion for Summary Judgment. In support of their Motion, Plaintiffs state the following:

      1.     By filing this Motion, Plaintiffs simply seek the opportunity to conduct full and proper discovery prior to the Court's consideration of ACA's Motion for Summary Judgment. This Court only recently lifted the stay of discovery and Plaintiffs have been repeatedly assured by Defendant that ACA was working to produce documents and responses to Plaintiffs' outstanding discovery, as well as attempting to schedule deposition dates for ACA employees. Based on ACA's recent filings, including its Motion for Summary Judgment, it appears that ACA's promise to produce the responses were a sham and were part of a plan by ACA to place Plaintiffs at a severe disadvantage. Despite ACA's misguided argument that its recent payment of previously refused payments renders Plaintiffs' claims moot, Plaintiffs argue that they are entitled


to complete discovery that will show that ACA's arguments fail and that the filing of ACA's Motion is entirely premature.

2. Throughout the time this matter has been filed, discovery has twice been stayed at ACA's request pending the outcome of the New York case styled *Oppenheimer AMT-Free Municipals, Inc., et al. v. ACA Financial Guaranty Corporation*, and Plaintiffs understand the Court's desire to defer any significant rulings while that case was winding through the New York courts. Now, however, ACA is using this to its advantage by filing its Motion for Summary Judgment approximately four months *before* the discovery deadline, prior to any depositions and prior to responding to any of Plaintiffs' written discovery (with the exception of any discovery that was related to class certification).

3. All relevant and material information relating to the claims made in this case lie with ACA's employees and documents in ACA's custody and control. This is the very reason ACA is seeking to avoid discovery, yet at the same time is the very reason Plaintiffs should be able to complete discovery prior to the Court's consideration of ACA's Motion for Summary Judgment. If allowed to complete additional discovery, Plaintiffs will be able to show:

    a. The direct payment that ACA made to Plaintiffs was not a full payment of all missed payments and interest owed to Plaintiffs and thus, ACA's entire Motion for Summary Judgment must fail;

    b. ACA is aware that it has not made the sinking fund payments that were due as part of the original insured bonds and any statements made to the contrary in its Motion are false and the Motion for Summary Judgment must fail;

    c. ACA was completely aware that it had been assigned and appointed as Plaintiffs' attorney-in-fact as it related to Plaintiffs' interest in the Connector 2000 bankruptcy, yet ACA failed to protect Plaintiffs' interest in order to later use its failure to act as a means of repudiating and denying its insurance obligations;

    d. ACA took calculated steps to mislead Plaintiffs all the while knowing it would deny any and all claims made by bondholders, including Plaintiffs;

    e.  ACA's decision to repudiate its insurance obligations to Plaintiffs was a well-planned and calculated business decision for the single purpose of tortuously and intentionally denying Plaintiffs their paid-for promise of insurance. Such a calculated and callous act rises to the individual tort of bad faith under the laws of New York and Mississippi.

Plaintiffs argue to the Court that discovery can be timely completed and that the results of the discovery will gut ACA's basis for Summary Judgment. Plaintiffs, however, need the time to conduct this discovery.

  4.  By stalling and refusing to engage in meaningful discovery, and then prematurely filing its Motion for Summary Judgment, Plaintiffs have had little time and opportunity to discover and expose the facts and disputes at the heart of this case. Rather than allowing discovery to proceed, as it was anticipated it would after the stay was lifted, Plaintiffs are now forced into defending their claims and position without the availability of needed written discovery responses, documents and depositions.

  5.  "Rule 56 does not require that discovery take place before the Court may grant summary judgment." *Hipps v. Sparkman*, 2007 WL 2127588 at *2 (N.D. Miss. July 23, 2007). Rule 56(d), however, "allows for further discovery to safeguard non-moving parties from summary judgment motions that they cannot adequately oppose." *Curtis v. Anthony*, 710 F.3d 587, 594 (5th Cir. 2013).

  6.  Prior to considering summary judgment, if "discovery could uncover one or more substantial fact issues, [the non-movant is] entitled to reasonable discovery to do so." *Williamson v. U.S. Dept. of Agriculture*, 815 F.2d 368, 373 (5th Cir. 1987)(citation omitted). "Generally, the consideration of summary judgment is inadvisable when the parties have not yet had the opportunity to flesh out the discoverable facts." *Lampley v. U.S.*, 17 F. Supp. 2d 609, 613-14 (N.D. Miss. 1998)(citation omitted).

7. Rule 56(d) states that when facts are unavailable to the non-movant, the court may "(1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). Plaintiffs request the Court to defer ruling on the Motion for Summary Judgment until the close of discovery or deny the Motion. Plaintiffs argue that they will be able to show, through discovery, the items listed in paragraph 3, *supra*.

8. Here, ACA has vigorously opposed discovery at every turn and been granted numerous stays of discovery over the life of this case. Discovery was only recently re-opened and is not currently scheduled to end until January 24, 2014. Plaintiffs simply request the opportunity to conduct vital discovery before the close of discovery and before the Court considers ACA's Motion for Summary Judgment.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that the Court deny ACA's Motion for Summary Judgment. Alternatively, Plaintiffs request the Court to stay briefing and ruling on ACA's Motion until the close of discovery. In the alternative, in the event the Court does not agree that relief under Rule 56(d) is appropriate, Plaintiffs request an additional fifteen (15) days to respond fully to the substantive arguments asserted by ACA in its Motion for Summary Judgment. In support of this Motion, Plaintiffs have submitted its Memorandum Brief in Support, along with Exhibits and a Rule 56(d) affidavit from Plaintiffs' counsel.

Respectfully submitted, this the 18th day of October, 2013.

By: /s/JESSE MITCHELL, III

Jesse Mitchell, III (MS Bar No.103020)

*Attorney for Plaintiffs*

**OF COUNSEL**:
THE MITCHELL FIRM, PLLC
774 Avery Blvd., Suite G
Ridgeland, Mississippi 39157
Telephone: (769)300-0462
Facsimile: (601)510-1981
Email: jmitchell@themitchellfirms.com

**CERTIFICATE OF SERVICE**

I hereby certify that on October 18, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

Respectfully Submitted,

/s/ Jesse Mitchell, III

JESSE MITCHELL, III (MSB 103020)