UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

JAMES E. DAVIS, INDIVIDUALLY AND                              PLAINTIFFS
ON BEHALF OF ALL OTHERS SIMILARLY
SITUATED

VS.                                          CAUSE NO. 3:11-CV-093-MPM-SAA

ACA FINANCIAL GUARANTY
CORPORATION, and
JOHN DOES One through Ten                                     DEFENDANTS

## ORDER

The court presently has before it plaintiffs' Motion to Defer, Deny or Continue as Premature Defendant, ACA Financial Guaranty Corporation's ("ACA") Motion for Summary Judgment. In that motion, plaintiffs argue that:

> By filing this Motion, Plaintiffs simply seek the opportunity to conduct full and proper discovery prior to the Court's consideration of ACA's Motion for Summary Judgment. This Court only recently lifted the stay of discovery and Plaintiffs have been repeatedly assured by Defendant that ACA was working to produce documents and responses to Plaintiffs' outstanding discovery, as well as attempting to schedule deposition dates for ACA employees.
> Based on ACA's recent filings, including its Motion for Summary Judgment, it appears that ACA's promise to produce the responses were a sham and were part of a plan by ACA to place Plaintiffs at a severe disadvantage. Despite ACA's misguided argument that its recent payment of previously refused payments renders Plaintiffs' claims moot, Plaintiffs argue that they are entitled to complete discovery that will show that ACA's arguments fail and that the filing of ACA's Motion is entirely premature.

As referenced in plaintiffs' motion, defendants have filed a motion for summary judgment in which they note that, having suffered an adverse appellate ruling in the *Oppenheimer v. ACA*

1

*Financial Guaranty Corp.* litigation in New York state court,[1] they have now agreed to pay the municipal bond insurance claims which they had previously denied in this case.

In their motion for summary judgment, defendants argue that, in light of their agreement to pay the insurance benefits in question, this case is now moot and should be dismissed. This court has scheduled a hearing for Wednesday, October 30, 2013 to consider defendants' motion and to evaluate what remains of this case in light of their agreement to pay the benefits in question. The court will reserve any formal ruling regarding the status of this case until after the hearing next week, but it takes this opportunity to note its view that, as an equitable matter, plaintiffs appear to have a strong claim for attorneys' fees. Indeed, plaintiffs have had to go to considerable effort and expense to secure insurance benefits which New York state courts have now clarified should have not been denied in the first place. That being the case, merely paying plaintiffs the benefits in question and forcing them to deduct their attorneys' fees and expenses from that sum would not appear to make them whole.

If this case were being decided under Mississippi law, then this court would have the option of awarding attorneys' fees under the Mississippi Supreme Court's decision in *Universal Life Ins. v. Veasley*, 610 So.2d 290, 295 (Miss.1992), which established extra-contractual damages such as attorneys' fees as an "intermediate form of relief" between contractual and punitive damages. This case is being decided under New York law, however, and it is not clear to this court whether the law of that state gives it discretion to award attorneys' fees. Regardless of defendants' legal obligations in this regard, it is the court's view that compensating the plaintiffs for their attorneys' fees and expenses would be the right thing for them to do, as a matter of fairness and responsible business practices. If defendants should refuse to offer plaintiffs compensation for their attorneys' fees and expenses in this case, then this will make

---

[1] This court has discussed the *Oppenheimer* litigation in prior orders and will not repeat that discussion here.

this court more likely to permit plaintiffs discovery to establish a right to recover on their remaining claims. Once again, this court will reserve any ruling regarding the motion for summary judgment until after the hearing, but it wished to make its initial impressions regarding the status of this case clear. The court will grant plaintiffs' motion for extension of time to respond to the motion for summary judgment, although it will wait until after the hearing to determine to what extent, if any, discovery regarding their remaining claims might be necessary.[2]

It is therefore ordered that plaintiffs' motion [126-1] for extension of time to respond to the motion for summary judgment is granted. Plaintiffs shall have, at a minimum, until November 18, 2013 to respond to the motion for summary judgment, although this deadline may be extended further if this court should decide that additional discovery is necessary.

It is so ordered on this 21st day of October, 2013.

                                      **/s/ MICHAEL P. MILLS**
                                      **CHIEF JUDGE**
                                      **UNITED STATES DISTRICT COURT**
                                      **NORTHERN DISTRICT OF MISSISSIPPI**

---

[2] The court encourages the parties to ascertain whether they are able to reach a settlement agreement in this case which might serve to avoid the additional expense of attending the hearing.