IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**JAMES E. DAVIS, ET AL.**
                                                            **PLAINTIFFS**

**VERSUS**                      **CIVIL ACTION NO: 3:11CV-093-MPM-SAA**

**ACA FIANCIAL GUARANTY CORPORATION**
**AND JOHN DOES One through Ten**                    **DEFENDANT**

### DEFENDANT ACA FINANCIAL GUARANTY CORPORATION'S SUBMISSION AS REQUESTED IN THE COURT'S ORDER OF OCTOBER 21

The defendant, ACA Financial Guaranty Corporation ("ACA"), respectfully responds to this Court's suggestion in its Order of October 21, 2013, that, in addition to the summary declaratory judgment ACA has proposed, it would be in ACA's interest, as a matter of fairness and responsible business practices, to offer to pay reasonable attorney's fees to the plaintiff in settlement.

1. As a threshold matter, this case involves matters of New York law. As stated and cited in ACA's recently filed motion for summary judgment:

> "It is well established that an insured may not recover the expenses incurred in bringing an affirmative action against an insurer to settle its rights under the policy." *New York Univ. v. Continental Ins. Co.*, 87 N.Y.2d 308, 324, 639 N.Y.S.2d 283, 292 (1995). ). *See also American Mut. Fire Ins. Co. v. Beards*, 453 N.Y.S.2d 569 (N.Y. Sup. Ct. 1982) ("As a general rule, New York does not allow a litigant to recover damages for his expenses in the prosecution or defense of an action.").[1]

---

[1] *See also Danaher Corp. v. The Travelers Indemnity Co.,* 2013 WL 364734 (S.D.N.Y. Jan. 13, 2013) ("recovery of counsel fees 'may not be had in an affirmative action by [the insured] to settle its rights.' [*citing Chase Manhattan Bank v. Each Individual Underwriter...,* 258 A.D.2d 1, 4], 690 N.Y.S.2d at 573 (quoting *Mighty Midgets,* 47 N.Y.2d at 21, 416 N.Y.S.2d at 564, 389 N.E.2d 1080)"; report adopted in full, *Danaher Corp. v. The Travelers Indemnity Co.,* 2013 WL 1387017 (S.D.N.Y. Apr. 5, 2013) ("'It is the rule in New York that ... a recovery [of attorney's fees] may not be had in an affirmative action brought by an assured to settle its rights, but only when he has been cast in a defensive posture by the legal steps an insurer takes in an effort to free itself from its policy obligations.' *Mighty Midgets, Inc. v. Centennial Ins. Co.,* 47 N.Y.2d 12, 21 (1979)…").

1

More generally, New York law does not permit recovery of attorney's fees absent an express contractual provision or applicable statute, neither of which is applicable here.[2]

2. Moreover, ACA informs the Court that ACA has indeed made an offer of reasonable attorneys' fees to the plaintiffs, even though ACA could have no such obligation to do so under the governing law. By letter dated September 12, 2013 and emailed that day to plaintiffs' counsel, ACA through its counsel initially made such an offer to the then-sole plaintiff through plaintiffs' counsel. This letter also advised plaintiffs' counsel of ACA's decision to abide by the decision in *Oppenheimer* and pay under the Policies, and not to appeal further in *Oppenheimer*. Plaintiffs' counsel then provided ACA's September 12 letter to the Magistrate Judge on September 17, 2013.

3. On the afternoon of September 18, 2013, also by email, ACA followed up the September 12 settlement letter with a letter formally offering reasonable attorney's fees, subject to a sizeable cap that ACA believed was more than generous, considering that this lawsuit was not the one leading to the critical determination of New York law, this lawsuit had nothing to do with ACA's decision to follow the New York court's Order and pay under the Policies, New York law does not allow a court to award an insured such fees in an action like this, and ACA tried to help the parties avoid effort and expense by waiting for the ruling in New York—*i.e.*, the ruling in the lawsuit brought by the owner or holder of *eighty-four percent (84%)* of the par value of ACA-insured Connector bonds. (The plaintiffs in this action hold under six percent (6%) of par value of such ACA-insured bonds.) ACA's September 18 letter also contained an

---

[2] *See e.g. Schwartz v. Rosenberg*, 889 N.Y.S.2d 90, 92 (N.Y.A.D. 2nd Dept. 2009) ("under the general rule, attorneys' fees are incidents of litigation and a prevailing party may not collect them from the loser unless an award is authorized by agreement between the parties, statute or court rule"); *see also Hooper Assoc. v. AGS Computers*, 74 N.Y.2d 487, 491 (N.Y. 1989); *Century-Maxim Const. Corp. v. One Bryant Park, LLC*, 886 N.Y.S.2d 70 (Table), 2009 WL 1218895 *12 (N.Y. Sup. April 7, 2009) (dismissing a request for attorneys' fees because plaintiff did not identify any contractual provision or statute entitling it to recover attorneys' fees in the event it was successful in the action).

Offer of Judgment in the same form as the declaratory relief proposed by ACA in its recent summary judgment motion. ACA would be happy to provide the Court with a copy of its September 18 letter and the Offer of Judgment, if the Court requests and if plaintiffs' counsel has no objection or has not already shared it.

4. Notwithstanding the fact that ACA had announced in writing its intention to abide by the *Oppenheimer* Order and pay under all the Policies, and after ACA sent plaintiff's counsel the letter formally offering to pay plaintiffs' reasonable attorneys' fees and to make an Offer of Judgment based on the New York decision, plaintiffs subsequently filed a Second Amended Complaint pursuant to a motion *ore tenus*, adding 33 new plaintiffs to the sole original plaintiff on the evening of September 18, 2013.

5. Plaintiffs' counsel appears to attach significance to the fact that he says his 33 new plaintiffs are bound by a 40% contingency fee arrangement. *See* Exhibit O to Plaintiffs' Motion to Defer, Deny, or Continue Consideration of Defendants' Motion for Summary Judgment.[3] However, even if Mississippi law on damages or recovery of attorneys' fees did apply, which it plainly does not, it is clear that any "reasonable attorney's fees" awarded by a court under Mississippi law are not measured by any percentage of recovery (i.e., contingency fee contract into which the plaintiffs may have entered), but by a calculation starting with and based upon hours worked and reasonable hourly rate.[4]

---

[3] ACA has never seen any of these contingency fee contracts, despite requests. Therefore, ACA does not know exactly what arrangement any of the plaintiffs have with their counsel; whether it is a contingency fee; and if it is, what recovery it applies to (e.g., total recovery including bond principal; just the net insurance payment ACA makes above what the replacement bonds pay; none of that, but, rather, just any "gravy" above those contract-based amounts that might result from some extra-contractual recovery on the tort claims that are subject to dismissal).

[4] *See, e.g., Tupelo Redevelopment Agency v. Gray Corp., Inc.*, 972 So.2d 495 (Miss. 2007) (declaring that if a trial court makes a "*carte blanche* assessment of attorneys' fees based on a forty-percent contingency basis, we would unhesitatingly reverse this award" *Id*. at 520, and "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation, multiplied by a reasonable hourly rate." *Id*. at 522.) ACA believes that its capped offer amount more than meets this standard—if any attorney's fees were recoverable by plaintiffs in this action under applicable law, which they are not..

In any event, the fact that such 33 new plaintiffs came late to the party—not to mention that the only lawsuit that had anything to do with getting them any recovery was the one brought by the 84% insured bond holder, Oppenheimer—should help alleviate the Court's stated concerns that plaintiffs have incurred expense to secure insurance benefits.

6.  ACA is more than willing to resume discussions of paying reasonable attorneys' fees to settle the case. If the Court wishes any further information, ACA will be pleased to respond.

Respectfully submitted, October 23, 2013.

/s/David W. Clark
David W. Clark (MBN 6112)
Erin Saltaformaggio (MBN 103999)
BRADLEY ARANT BOULT CUMMINGS LLP
One Jackson Place
188 E. Capitol Street, Suite 400
Jackson, Mississippi 39201
Telephone: (601) 948-8000
Facsimile: (601) 948-3000
*Attorneys for Defendant, ACA Financial Guaranty Corporation*

**CERTIFICATE OF SERVICE**

    I hereby certify that on October 23, 2013, I filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

                                       /s/ David W. Clark
                                       OF COUNSEL