IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**JAMES E. DAVIS, et al.**     **PLAINTIFFS**

**v.**     **CIVIL ACTION NO. 3:11-cv-093-MPM-SAA**

**ACA FINANCIAL GUARANTY
CORPORATION, and
JOHN DOES One through Ten**     **DEFENDANTS**

### PLAINTIFFS' RESPONSE TO ACA'S MOTION TO STAY

COME NOW Plaintiffs, James E. Davis, *et al.,* and submit this Response to Defendant, ACA's Motion to Stay [Dkt. 116], and in support, state the following:

Defendant, ACA Financial Guaranty Corporation ("ACA"), has once again asked this Court to stay further proceedings in this matter in an effort to delay pre-trial preparations and to hamper Plaintiffs' ability to adequately respond to multiple motions recently filed by ACA. Specifically, ACA now asks this Court to stay all proceedings until such time as the Court renders a ruling on its Motions for Summary Judgment [Dkt. 112] and to Dismiss for Lack of Subject Matter Jurisdiction [Dkt. 114].[1] However, another stay, at this point, would so severely harm Plaintiffs that Plaintiffs would be significantly prohibited from adequately preparing this case for trail which is set for June of 2014. Plaintiffs argue that ACA's Motion to Stay should be denied for the reasons demonstrated below.

First, this matter has been stayed multiple times, at ACA's request (admitted by ACA in its Motion) in order to allow the New York trial and appellate courts to determine the outcome of a

---

[1] The Motion to Dismiss for Lack of Subject Matter Jurisdiction has now been rendered moot by the voluntary dismissal of Robin Gerut [Dkt.111], filed *prior* to ACA's Motion to Dismiss.

factually similar case styled *Oppenheimer AMT-Free Municipals, et al. v. ACA Fin. Guar. Corp.* The decision in that matter is now final and Plaintiffs submit there is no longer a need to stay these proceedings further. The past stays, and if this Court enters yet another stay, have (and will) severely prejudiced Plaintiffs in the prosecution of their claims against ACA. For example, because of the prior stays, discovery has been delayed and is now just beginning in earnest following entry of an amended scheduling order in June, 2013 [Dkt. 97], and later amended again on October 23, 2013. If the Court enters yet another stay, the currently in-force scheduling order will almost certainly have to be amended once again. This Court made it abundantly clear in its October 23, 2013, Order that "[g]iven the current trial setting there will be no other extensions or modifications to these deadlines." [Dkt. 131]. A stay would only serve to benefit ACA, would further delay proceedings, and would further prejudice Plaintiffs in preparing their case for trial.

Regarding the need for a stay to allow the Court to render a ruling on ACA's Motion for Summary Judgment, the Court entered an order on October 21, 2013, [Dkt. 130] granting Plaintiffs an extension of time until November 18, 2013, at the earliest, to file a Response; according to the Order, the Court may extend that time to allow Plaintiffs to conduct further discovery in order to prepare a Response to the Motion for Summary Judgment. Thus, a stay would likely conflict with a possible ruling by the Court *granting* Plaintiffs additional time to conduct discovery. This should not be a reason to grant ACA's Motion.

Moreover, there is no doubt that the Court has the power to control its docket. *See generally, Natural Gas Pipeline Co. of Am. v. Energy Gathering, Inc.*, 86 F.3d 464 (5th Cir. 1996). The Fifth Circuit Court, however, has found that the inherent power and the ability to enter a stay of proceedings is not without restriction, and has stated that a request or motion for a stay "is a matter of judgment . . ." which is reviewable under an abuse of discretion standard of review. *Itel Corp. v. M/S Victoria U (Ex Pishtaz Iran)*, 710 F.2d 199, 203 (5th Cir. 1983). Further, the Fifth Circuit stated that it is well

within the trial court's "inherent power 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel and for litigants,' and [to] give deference to the district court's judgment that the stay will avoid hardship and inequity . . . ," weigh competing interests and maintain an even balance. *Itel Corp. v. M/S Victoria U (Ex Pishtaz Iran)*, 710 F.2d at 203 (citing *Landis v. North American Co*, 299 U.S. 248 (1936) and *Hines v. D'Artois*, 531 F.2d 726 (5th Cir. 1976)); *see also*, *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541 (5th Cir. 1983). The trial court must determine whether a stay of the action, which "relieves unfairness for one litigant may impose hardship on the other . . . [and the court] must consider which side will bear the greater and less remediable burden from the delay." *Itel Corp*. at 203.

In the instant case, Plaintiffs argue that the hardship and burden of a stay will be placed on them only. As noted in their Motion to Continue, Defer or Deny Defendant's Motion for Summary Judgment [Dkt. 126], Plaintiffs have made multiple efforts to proceed with needed discovery to prepare their case for trial, but have been hampered due to ACA's stall tactics (stays or otherwise) and have been effectively unable to complete their pre-trial preparations. Due to the prejudice and hardship that would result to Plaintiffs if yet another stay is granted, and during which time moves closer to the trial date without giving them adequate time to prepare, Plaintiffs request that the Court deny ACA's Motion to Stay for the reasons noted above.

Respectfully submitted, this the 25th Day of October 2013.

By: /s/JESSE MITCHELL, III
Jesse Mitchell, III (MS Bar No.103020)
Attorney for Plaintiffs

**OF COUNSEL**:
THE MITCHELL FIRM, PLLC
774 Avery Blvd., Suite G
Ridgeland, Mississippi 39157
Telephone: (769)300-0462
Facsimile: (601)510-1981
Email: jmitchell@themitchellfirms.com

**CERTIFICATE OF SERVICE**

I hereby certify that on October 25, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

Respectfully Submitted,

/s/ Jesse Mitchell, III
JESSE MITCHELL, III (MSB 103020)