**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**JAMES E. DAVIS, ET AL.**
 **PLAINTIFFS**

**VERSUS** **CIVIL ACTION NO: 3:11CV-093-MPM-SAA**

**ACA FIANCIAL GUARANTY CORPORATION
AND JOHN DOES One through Ten** **DEFENDANT**

**ACA FINANCIAL GUARANTY CORPORATION'S REPLY IN SUPPORT OF ITS
MOTION TO DISMISS CERTAIN OF PLAINTIFFS' CLAIMS**

**Argument**

**I. Plaintiffs' factual allegations cannot support a finding of a fiduciary duty owed by ACA to Plaintiffs.**

Plaintiffs' response[1] fails to address the plain language of the documents upon which they purportedly rely in support of their claim for breach of fiduciary duty. As set forth in ACA's motion to dismiss, the documents relied upon by Plaintiffs—the notices of nonpayment and the Policies—simply do not and cannot support Plaintiffs' attempts to transform ACA's relationship with Plaintiffs into anything more than an insurer and its insureds. Plaintiffs' allegations completely mischaracterize the plain language, and the effect, of these documents.

**A. The Custody Agreement and Insurance Policy do not give rise to a fiduciary relationship.**

Plaintiffs assert only that ACA was their agent in the Bankruptcy Action. They base such assertions on the terms of the Custody Agreement. However, Plaintiffs fail to recognize that the

---

[1] ACA filed its motion to dismiss certain of plaintiffs' claims on October 7, 2013. (Doc. 114). (Due to an oversight, ACA did not file its memorandum in support of this motion at the same time.; it filed its memorandum in support of this motion on October 10, 2013. (Doc. 120)). Pursuant to Local U. R. 7(b)(4), plaintiffs' response, if any, was due on or before November 24, 2013 (assuming the latter October 10, 2013 filing date of ACA's memorandum in support of its motion to dismiss). Without seeking an enlargement of time in which to respond, Plaintiffs untimely filed their response the night of November 28, 2013. (Doc. 135).

1

appointment of ACA as agent requires certain contractual prerequisites, which have not been alleged by Plaintiffs. While the Custody Agreement gives the Custodian the authority to make such appointment, *none was ever made*. This is evident[2] by Plaintiffs' omission of any allegations that such appointment, pursuant to the terms of the Custody Agreement, was made.

Sections 4.03(b)(iii) and 4.07 provide, in pertinent part, that:

**4.03(b)(iii):** By acceptance of a Certificate of Bond Insurance Position, *each Holder or Owner, as the case may be, designates, appoints, authorizes and directs the Custodian to act as his attorney-in-fact as follows*: … (iii) if and so long as any deficiency exists with respect to the related Insured Obligations, *to appoint, without recourse, the Insurer as agent for the Holder or Owner, as the case may be, and the Custodian in any legal proceeding* with respect to the related Insured Obligations …, *such appointment to be made contemporaneously with the delivery of the notice to the Insurer demanding payment under the Policy*… (emphasis added).)

**4.07:** The Custodian shall promptly notify the Insurer of any notice it receives of (i) the commencement of any Insolvency Proceeding by an Issuer…*Following and to the extent of payment by the Insured under the related Policy, the Insurer may at any time during the continuation of an Insolvency Proceeding control all matters relating to such Insolvency Proceeding*… (emphasis added).)

Significantly, Plaintiffs nowhere allege that, in compliance with these provisions:

- the Custodian appointed ACA as agent for Plaintiffs or any other bondholders in the Bankruptcy Action. Indeed, the Trustee – **not ACA** – acted as the exclusive agent for those bondholders; or

- at any time prior to or during the Bankruptcy Action, the Custodian, Plaintiffs or anyone else ever delivered to ACA a notice of non-payment under the Policies for the liquidated amounts due under the Original Insured Bonds or for the amounts claimed by Plaintiff in this litigation;

Absent compliance with each of these provisions, ACA had no contractual right – much less any duty – to control Plaintiffs' claims in the Bankruptcy Action and preserve Plaintiffs' interests by taking steps to prohibit the cancellation of the Original Insured Bonds. Thus, as a

---

[2] This is further supported by the fact that the Bond Trustee, not ACA, acted on behalf of Plaintiffs in the Bankruptcy Action. *See also* Memorandum in support of motion to dismiss at III(B). The Bond Trustee,

matter of law, ACA was never appointed as Plaintiffs' agent under §§ 4.03(b)(iii), 4.07 or any other provision of the Custody Agreement. Since ACA was not appointed as Plaintiffs' agent in the Bankruptcy Action, it cannot be the basis for any alleged fiduciary duty by ACA.

### B. The Notices of Nonpayment do not create a fiduciary relationship between ACA and Plaintiffs.

Plaintiffs point to three Notices of Nonpayment to support their argument that ACA was somehow cloaked with an agent, or attorney-in-fact status. (Doc. 135 at p. 11). The plain language of these Notices of Nonpayment does not support this broad conclusion. Rather, ACA made payments on the bonds during the pendency of the Bankruptcy Action. As a result of making these payments, ACA was given, pursuant to its rights under the Policies, <u>only a limited assignment of rights to seek reimbursement of those funds paid by ACA from the Issuer</u>. So, even if such limited assignment of rights to seek reimbursement could create a fiduciary relationship, it only created one to the extent of the payments made by ACA during the pendency of the Bankruptcy Action. Plaintiffs do not seek damages relative to these payments and therefore cannot sustain a claim for breach of fiduciary duty relying on the Notices of Nonpayment.

As set forth more fully in its motion and accompanying memorandum, under New York law[3] ACA did not owe the plaintiffs any fiduciary duty. "New York law generally holds that the relationship between an insurance company and its policyholder is contractual only." *Banco Multiple Santa Cruz, S.A. v. Moreno*, 888 F.Supp.2d 356, 369-70 (E.D.N.Y. 2012) (citing *Murphy v. Kuhn*, 90 N.Y.2d 266-270-71, 660 N.Y.S.2d 371, 682 N.E.2d 972) (1997); *Batas v. Prudential Ins. Co. of Am.,* 281 A.D.2d 260, 264, 724 N.Y.S.2d 3 (N.Y.App.Div.2001) ("No special

---

[3] The Policy is governed by New York Law, and thus New York substantive law applies to the issues discussed herein. *See Joiner v. Performance Ins. Servs., Inc.*, 2010 WL 5209391 at *4 (S.D. Miss. Dec. 16, 2010) ("under Mississippi choice of law rules, a contract's choice of law provision is generally enforceable").

3

relationship of trust or confidence arises out of an insurance contract between the insured and the insurer; the relationship is legal rather than equitable"); *Freeman v. MBL Life Assur. Corp.,* 60 F.Supp.2d 259, 266 (S.D.N.Y.1999) ("Under New York law the relationship between an insurance company and a policyholder is a contractual relationship, not a fiduciary one."); *Rochester Radiology Associates, P.C. v. Aetna Life Ins. Co.,* 616 F.Supp. 985, 988 (W.D.N.Y.1985).

### C. Plaintiffs cannot maintain their action for gross negligence.

Furthermore, plaintiffs' gross negligence claim fails as there are no allegations of an extraneous duty owed to them to sustain a negligence claim. *See Wildenstein v. 5H & Co. Inc.*, 97 A.D.3d 488, 950 N.Y.S.2d 3, 7 (N.Y. Sup. Ct. 2012) (dismissing plaintiff's negligence claim for failure to establish a "legal duty independent of the contract itself has been violated"). Plaintiffs' complaints arise out of the contract with ACA and therefore there are no set of facts upon which they may recover for any alleged gross negligence.

### Conclusion

Because plaintiffs cannot allege any set of facts that would give rise to a fiduciary relationship, or independent tort to support a claim for gross negligence, ACA's motion to dismiss should be granted.

Respectfully submitted, this the 29th day of October, 2013.

/s/David W. Clark_____
David W. Clark (MBN 6112)
Erin Saltaformaggio (MBN 103999)
BRADLEY ARANT BOULT CUMMINGS LLP
One Jackson Place
188 E. Capitol Street, Suite 400
Jackson, Mississippi 39201
Telephone: (601) 948-8000
Facsimile: (601) 948-3000
*Attorneys for Defendant, ACA Financial Guaranty Corporation*

4/386982.1

**CERTIFICATE OF SERVICE**

    I hereby certify that on October 29, 2013, I filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.


                                    /s/ David W. Clark  
                                    OF COUNSEL

4/386982.1