# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**JAMES E. DAVIS, ET AL.**                                                                 **PLAINTIFFS**

**vs.**                                                                 **CAUSE NO. 3:11-CV-093-MPM-SAA**

**ACA FINANCIAL GUARANTY**
**CORPORATION, and**
**JOHN DOES One through Ten**                                                         **DEFENDANTS**

### DEFENDANT ACA FINANCIAL GUARANTY CORPORATION'S MEMONRADUM IN SUPPORT OF ITS SUBMISSION AS REQUESTED IN THE COURT'S ORDER OF OCTOBER 21

The Defendant, ACA Financial Guaranty Corporation ("ACA"), further responds to this Court's questions in its Order of October 21, 2013:

**I.     New York law governs the determination of damages in this case.**

As the Court correctly stated in its Order of October 21, 2013, "[t]his case is being decided under New York law." This is the law specified by the parties in all of the contract documents.[1] As the Fifth Circuit Court of Appeals and the district courts in this state have held, this means that in an action brought in federal court in Mississippi, the law of the contract controls the determination of damages and the availability of an award of attorney's fees in an action on or arising from the contract (the Policies), as well as the resolution of substantive issues. In other words, the designated law, here New York law, will govern all of these determinations. *See, e.g.*, *Unity Commc'ns, Inc. v. AT&T Mobility, LLC*, 643 F.Supp.2d 829, 840 (S.D. Miss. 2009) ("The Fifth Circuit has held that the law of the state designated in a choice of law provision governs a determination of the enforceability of a separate damages limitation provision in the same contract.") (citing *Overstreet v. Contigroup Cos., Inc.,* 462

---

[1] New York law applies because it is the governing law specified in the contract (the Policies). *See* Policies, Exhibit B to plaintiffs' Second Amended Complaint ("This Policy shall be governed by the law of the State of New York."); *see also* Custody Agreement, Sec. 6.07, Exhibit B to plaintiffs' Second Amended Complaint ("This Custody Agreement and the Certificate of Bond Insurance shall be governed by and construed in accordance with the laws of the State of New York.").

4/386726.3

One Jackson Place  188 East Capitol Street, Suite 400  Jackson, MS 39215-1789  PHONE:601.948.8000  FAX:601.948.3000  BABC.COM

F.3d 409, 410-12 (5th Cir. 2006)); *Williams v. Liberty Mut. Ins. Co.*, 2011 WL 5183572, at *6 (S.D. Miss. Oct. 31, 2011) (holding that in the absence of an express choice of law provision, a claim "based on the alleged breach of an Alabama contract *and any damages flowing therefrom* should be determined by Alabama law, not Mississippi law") (emphasis added). Specifically, the Fifth Circuit has held an award of attorneys' fees is governed by the law of the contract, not the law of the forum court sitting in diversity. *See, e.g.*, *Bank of La. v. SunGard Availability Servs., L.P.*, 374 Fed. Appx. 539, 542-43 (5th Cir. March 29, 2010) (holding that because the parties were before the district court pursuant to its diversity jurisdiction, and the law governing the parties' contract was Pennsylvania law, Pennsylvania law also controlled the award of and the reasonableness of attorneys' fees).

## II. Applying New York law to the issue of damages, Plaintiffs are not entitled to attorneys' fees.

Because New York law governs the determination of damages in this case, Plaintiffs are not entitled to an award or recovery of attorneys' fees. New York courts have continuously held that "[a]s a general rule, New York does not allow a litigant to recover damages for his expenses in the prosecution or defense of an action." *American Mut. Fire Ins. Co. v. Beards*, 453 N.Y.S.2d 569, 569 (N.Y. Sup. Ct. 1982). *See Danaher Corp. v. The Travelers Indemnity Co.,* 2013 WL 364734, at *10 (S.D.N.Y. Jan. 13, 2013) ("[R]ecovery of counsel fees 'may not be had in an affirmative action by [the insured] to settle its rights.") (quoting *Chase Manhattan Bank v. Each Individual Underwriter Bound to Lloyd's Policy No. 790/004A89005,* 258 A.D.2d 1, 5 (2d Cir N.Y. 2002) (quoting *Mighty Midgets, Inc. v. Centennial Ins. Co.,* 47 N.Y.2d 12, 21 (N.Y. 1979), report adopted in full, *Danaher Corp. v. The Travelers Indemnity Co.,* 2013 WL 1387017, at *9-10 (S.D.N.Y. Apr. 5, 2013) ("It is the rule in New York that . . . a recovery [of attorney's fees] may not be had in an affirmative action brought by an assured to settle its rights, but only when he has been cast in a defensive posture by the legal steps an insurer takes in an

effort to free itself from its policy obligations.") (quoting *Mighty Midgets, Inc.*, 47 N.Y.2d at 21) (internal citations omitted).

Finally, there is a simple reason the Oppenheimer Funds—the holder of 84% of the insured Connector bonds and the party that brought the lawsuit that made the law that benefitted all insured bond holders—did not seek attorney's fees in its action: an award of attorney's fees, either as damages or costs of bringing the action, plainly is not allowed by New York law. Because that law governs such determinations in this lawsuit, these plaintiffs may not recover attorneys' fees.

Respectfully submitted, October 29, 2013.

/s/David W. Clark_____
David W. Clark (MBN 6112)
Erin Saltaformaggio (MBN 103999)
BRADLEY ARANT BOULT CUMMINGS LLP
One Jackson Place
188 E. Capitol Street, Suite 400
Jackson, Mississippi 39201
Telephone: (601) 948-8000
Facsimile: (601) 948-3000
*Attorneys for Defendant, ACA Financial Guaranty Corporation*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 29, 2013, I filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

        /s/ David W. Clark      
        OF COUNSEL