**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**JAMES E. DAVIS, ET AL.**                                                     **PLAINTIFFS**

**vs.**                                                  **CAUSE NO. 3:11-CV-093-MPM-SAA**

**ACA FINANCIAL GUARANTY
CORPORATION, and
JOHN DOES One through Ten**                                   **DEFENDANTS**

**ACA FINANCIAL GUARANTY'S RESPONSE TO PLAINTIFFS'
MOTION TO COMPEL DISCOVERY RESPONSES**

Defendant, ACA Financial Guaranty Corp. ("ACA"), responds to Plaintiffs' motion to compel discovery responses from Defendant ACA.

1. The parties agreed and discovery in this action was stayed until further order pending a decision on the appeal of the trial court's July 2012 ruling in the New York case of *Oppenheimer AMT-Free Municipals, et al. v. ACA Financial Guaranty Corp.* (Doc. 81) (Both the single plaintiff and the defendants had responded to written discovery in 2012, and had produced documents, in connection with the motion to certify a class action. The stay was of any further discovery.)

2. Although when the decision did not arrive when expected, a scheduling order was entered in June 2013. (Doc. 97) That schedule allowed what seemed at the time to be ample time for the various deadlines and allowing time for the appellate decision in *Oppenheimer* to arrive. Nothing in the scheduling order indicated the December stay was being lifted, and no party requested lifting the stay.

3. Further, the parties continued to await the *Oppenheimer* decision on appeal and did nothing to indicate the stay might have been lifted. In late July, 2013, counsel for the parties

did try to talk about the outstanding, stayed discovery requests for both sides, as indicated by plaintiffs' Exhibit A. In August plaintiffs' counsel inquired about further responses to written discovery. See August 28, 20013 email inquiry, in both Exhibit A and Exhibit B.

4. During the stay of the discovery neither the plaintiffs nor the defendants submitted responses to the other side's written discovery requests. Plaintiffs served their responses October 14, 2013, just a few days before they filed this Motion to Compel written responses, but plaintiffs have yet to produce any documents and have provided no indication when such documents would be produced. (ACA's counsel previously noted this to plaintiffs, but said ACA would wait until after the October 30 hearing to request a proper response from plaintiffs.)

5. At the time this motion was filed, Defendant ACA had not served its responses to plaintiffs' written discovery. ACA now has served its responses to plaintiffs' interrogatories and document requests.

6. Even without a decision in *Oppenheimer* (The *Oppenheimer* decision was issued September 3, 2013.), Defendant ACA began in July and August looking into what would be involved in searching the electronically stored records of ACA for the further production, due to the large expense that was incurred during the 2012 production. Even limiting the search by the selection and further addition of limiting search terms, the search, collection, review, coding, and privilege review of the huge volume of records required three lawyers working for a month to complete.

7. In September, it still appeared the volume of documents that would be generated by a proposed search would total over 100,000 documents. ACA's counsel looked at ways to

limit the "universe" of documents generated by the searches in an effort to limit the lawyer time need to review and produce the documents. ACA was unable to give plaintiffs an estimate of when the documents could be produced.

8. Further, in September, plaintiffs' counsel requested deposition dates for an ACA employee and a former ACA employee. ACA checked the proposed witnesses' availability and gave plaintiffs a choice of days in mid-October. Although plaintiffs' counsel had not mention having the documents beforehand, ACA advised plaintiff's counsel that it likely would not have the documents produced before then. Plaintiffs' counsel has again asked for the deposition of one of those witnesses, a current employee, for a date before he would have any further production, and that deposition has now been scheduled.

9. ACA requested the assistance of plaintiffs' counsel in coming up with search terms that were acceptable to him in order to try to better define or limit the search of ACA's records. Plaintiffs' counsel has now worked with ACA's counsel, and the parties have come up with search terms and protocol that will allow ACA to produce the requested documents beginning <u>November 8</u> and completed by <u>November 15, 2013</u>. (ACA hopes some of the records will be available and produced even sooner, and ACA will expedite that production.)

Further, many—but not all--of these documents have already been produced, in 2012, as some of the requests overlap with the requests to which ACA already has responded and produced.

10. The production will be made in time for plaintiffs to meet all deadlines.

11. ACA and counsel for ACA have acted in good faith at all times and have not misled or failed to cooperate with plaintiffs' counsel in any way.

Respectfully Submitted, November 1, 2013.

/s/David W. Clark
David W. Clark (MBN 6112)
Erin Saltaformaggio (MBN 103999)
BRADLEY ARANT BOULT CUMMINGS LLP
One Jackson Place
188 E. Capitol Street, Suite 400
Jackson, Mississippi 39201
Telephone: (601) 948-8000
Facsimile: (601) 948-3000
*Attorneys for Defendant, ACA Financial Guaranty Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 1, 2013, I served the foregoing on Mr. Jesse Mitchell III, counsel for the plaintiffs, by electronic mail and U.S. Mail.

/s/ David W. Clark
OF COUNSEL