## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

**JAMES E. DAVIS, ET AL.**                                              **PLAINTIFFS**

**v.**                                              **CAUSE NO. 3:11-CV-093-MPM-SAA**

**ACA FINANCIAL GUARANTY CORPORATION**
**And JOHN DOES One through Ten**                                  **DEFENDANTS**

---

## PLAINTIFFS' RESPONSE TO ACA'S MOTION FOR
## PARTIAL SUMMARY DECLARATORY JUDGMENT

---

COME NOW Plaintiffs, James E. Davis, *et al.*, to submit this Response to Defendant, ACA Financial Guaranty Corporation's ("ACA") Motion for Partial Summary Declaratory Judgment (the "Motion") [Dkt. No. 150]. In support, Plaintiffs state the following to the Court for consideration.

## INTRODUCTION

ACA's Motion seeks to have this Court completely adopt the decision rendered in *Oppenheimer AMT-Free Municipals, et al. v. ACA Financial Guaranty Corporation,* with one minor change—namely that the *Oppenheimer* decision to be adopted by this Court include those bonds bearing CUSIP Nos. 20786LCS8 and 20786LCU3 in addition to the four CUSIP bonds identified in *Oppenheimer.* According to ACA, it would then be bound, as decided in *Oppenheimer*, to provide coverage to Plaintiffs under the terms of the financial insurance policies it issued.

As Plaintiffs stated to Defendant when Plaintiffs suggested that a similar motion be filed, Plaintiffs do not take issue with the Court's adoption of the *result* of the *Oppenheimer* ruling. However, the *Oppenheimer* ruling does not account for several major distinctions between

Oppenheimer's bonds and Plaintiffs' bonds, nor are Plaintiffs' causes of action the same as those raised in *Oppenheimer*. For example, the *Oppenheimer* complaint alleged a single cause of action for declaratory relief that ACA was/is bound to honor its obligations under the insurance policies issued by ACA – Oppenheimer did not raise any other allegations or seek any other form of relief[1]. Due to the unique aspects of Plaintiffs bonds and assignments made to ACA by Plaintiffs as owners of these bonds, Plaintiffs in this matter raised multiple allegations in their complaint, including breach of contract, anticipatory repudiation, breach of the implied covenant of good faith and fair dealing, gross negligence, breach of fiduciary duty and declaratory judgment.

More specifically, Oppenheimer, as an owner of only zero coupon bonds, was in a different position than Plaintiffs in this case. Several distinctions between Oppenheimer's case and Plaintiffs in this case and their causes of action must be noted. These distinctions specifically include: (1) actual missed/refused interest payments to Plaintiffs; (2) missed sinking fund payments[2]; and (3) assigned rights of agency during bankruptcy. Plaintiffs request that in entering any judgment pursuant to the Motion, the Court order ACA, as originally obligated under the original bond issuance, to: immediately and completely make all missed payments, plus pre-judgment and post-judgment interest at the applicable legal rate; and to make all future payments that Connector 2000 Association, Inc. fails to pay or partially pays.[3] Such relief is consistent with Plaintiffs' complaint, which seeks a declaratory judgment against ACA that would bind ACA to make any and all missed payments (of whatever type) covering the insured bonds identified by CUSIP Nos. 20786LCS8, 20786LCU3, 20786LCV1, 20786LCW9, 20786LCX7 and 20786LCY5.

---

[1] In fact, at the time, Oppenheimer could not have brought any other actions against ACA because ACA had not missed any payments owed to Oppenheimer. In contrast, ACA has missed interest payments, sinking fund payments, and maturity payments owed to Plaintiffs'.
[2] As required under the February 3, 1998, Connector 2000 Association, Inc. Master Indenture attached hereto as Exhibit "A" at p. 9.
[3] As mandated in Exhibit "A".

Without this language, and the clear delineation between the result in *Oppenheimer* and Plaintiffs' remaining claims, Plaintiffs are concerned that ACA's Motion, as filed, could later be used by ACA to argue that Plaintiffs' remaining claims—different from those brought by Oppenheimer and, more importantly, not at issue or addressed in the *Oppenheimer* ruling—have been resolved and should be dismissed. If ACA is truly sincere and straightforward about the entry of summary declaratory judgment confirming its obligation to make all missed/past payments, as well as all future payments to Plaintiffs, then it should have no qualms with Plaintiffs' proposed judgment.

## ARGUMENT

ACA correctly notes that the parties have made efforts to present this Motion on a joint basis and that ACA sent a proposed motion and judgment to Plaintiffs for consideration. Plaintiffs responded with some modifications to the language and thereafter, counsel for both parties spoke in an effort to reach an agreement. Despite Plaintiffs' efforts and proposals for language that would satisfy both sides, ACA rejected any changes and unilaterally filed the instant Motion.

ACA requests the Court to adopt the *Oppenheimer* ruling as is, with the only modification being the inclusion of CUSIP Nos. 20786LCS8 and 20786LCU3, which were excluded from the *Oppenheimer* decision. As noted above, however, Oppenheimer was in a different position and was limited in the claims it could bring. In fact, at the time, Oppenheimer could not have brought any other actions against ACA because ACA had not missed any payments owed to Oppenheimer. In contrast, ACA has missed interest payments, sinking fund payments, and maturity payments owed to Plaintiffs'. Thus, Plaintiffs do not object to the entry of summary declaratory judgment in this regard, as long as the judgment includes language sufficient to protect Plaintiffs' rights in pursuing their additional claims against ACA.

Specifically, Plaintiffs suggest to the Court that any such relief granted pursuant to the Motion should indicate, in no uncertain terms, that: (1) ACA be bound to honor its commitments pursuant to the insurance policies, as the certificates of bond insurance were non-cancellable[4]; (2) ACA fully pay any past, missed payments (interest, mandatory sinking fund payments, or otherwise) plus pre-judgment and post-judgment interest at the legal interest rate; (3) ACA be bound to timely make all future payments (interest, mandatory sinking fund payments, or otherwise) as called for in the insurance policies when, and as, they become due under the February 3, 1998, Connector 2000 Association, Inc.'s Master Indenture until all bonds under the covered CUSIPs mature, if any shortfall is realized, and; (4) Plaintiffs' remaining claims for relief raised in their Second Amended Complaint (*i.e.*, breach of contract, anticipatory repudiation, breach of the implied covenant of good faith and fair dealing, gross negligence, and breach of fiduciary duty) remain viable.

Finally, Plaintiffs pray for any other relief to which they are entitled.

RESPECTFULLY SUBMITTED, this the 9th day of December, 2013.

By: ___/s/ Jesse Mitchell, III_____
JESSE MITCHELL, III (MSB# 103020)
BARRY C. CAMPBELL (MSB# 99535)

*Attorneys for Plaintiffs*

OF COUNSEL:

**THE MITCHELL FIRM, PLLC**
774 Avery Boulevard, Ste. G
Ridgeland, Mississippi 39157
Telephone:    (769) 300-0462
Facsimile:     (601) 510-1981

Email:        jmitchell@themitchellfirms.com
              bcampbell@themitchellfirms.com

---

[4] As held in the *Oppenheimer* decision. The New York court further found that neither "the restructuring plan, nor the issuer's discharge in the bankruptcy proceeding, changed the obligations under the parties' contracts of insurance." See *Oppenheimer Appellate Decision,* at 9 attached hereto as Exhibit "B".

**CERTIFICATE OF SERVICE**

I hereby certify that on December 9, 2013, I electronically field the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

This the 9th day of December, 2013.

/s/ Jesse Mitchell, III
Jesse Mitchell, III